**OIL SPECIALTIES & REFINING CO., Inc., v. TWIN CITY SHELLAC CO., Inc., et al.**

Civil Action No. 4738.

District Court, E. D. New York.

April 21, 1945.

Whitehorn & Whitehorn, of Brooklyn, N. Y., for plaintiff.

Cousins & Cousins, of New York City, for defendant Twin City Shellac Co., Inc.

MOSCOWITZ, District Judge.

This is a motion made by the plaintiff for the following relief:

"1. Striking from the answer the 'separate and independent defense' entitled 'res judicata' on the ground that it is immaterial and presents no defense to the complaint herein.

"2. Striking from the answer the defense entitled 'estoppel' on the ground that it is immaterial and presents no defense to the complaint herein.

"3. Striking from the answer the counter-claim on the ground that it fails to state a claim upon which relief can be granted or, in the alternative, directing the defendant to state its said counter-claim more definitely.

"4. Granting to the plaintiff such other and further relief as to the court may seem just and proper."

In this action the plaintiff is seeking to revoke the cancellation of plaintiff's trade-mark "Dandy-Dun" which was registered on June 21, 1938. In connection with defendant's application for registration of its trade-mark "Dan-Dee", an interference was declared with plaintiff's trade-mark "Dandy-Dun" and the trade-mark "Dan-D-Shyne", registered by G. C. Danielson. During the pendency of the interference proceeding, the defendant obtained an assignment of the trade-mark "Dan-D-Shyne" from G. C. Danielson. The Examiner of Interferences decided that the defendant was entitled to registration of its trade-mark "Dan-Dee". The defendant instituted a proceeding for the cancellation of plaintiff's trade-mark. The Examiner of Interferences rendered a decision cancelling plaintiff's registration; such determination was affirmed by the Commissioner of Patents. It is plaintiff's claim that the Commissioner of Patents' determination was erroneous.

This action is brought under 35 U.S.C.A. § 63, based upon three grounds: "(1) plain-

tiff's user was prior to that of the defendant, (2) there is no conflict or confusion between the trade marks, and (3) the markets in which the parties sell their merchandise are separate and distinct."

The motion herein relates to the insufficiency of the two separate defenses and the counterclaim. The first defense is that of res judicata. It is as follows:

"Thirtieth: That the issue of priority between the Plaintiff and this Corporate Defendant was definitely settled by the decision of the Examiner of Interferences in the interference proceeding alleged by the Bill of Complaint, and no appeal was taken therefrom, and as consequence, the property rights in the trade-mark involved have been judicially determined as being in the Corporate Defendant."

The second defense is estoppel. It is as follows:

"Thirty-First: The Corporate Defendant alleges that the plaintiff is estopped from denying the exclusive property right of Defendant in the trade-mark involved by reason of the record in the interference proceeding alleged in the Bill of Complaint."

These two defenses may be considered together, as they are in effect the same.

United States Code Annotated Title 35, Section 63 in part provides:

"In all suits brought hereunder where there are adverse parties the record in the Patent Office shall be admitted in whole or in part, on motion of either party, subject to such terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court may impose, without prejudice, however, to the right of the parties to take further testimony."

This section provides for a trial de novo of all of the issues. Upon such trial there shall be admitted in evidence the record of the Patent Office and the parties may offer further testimony and may further cross-examine any witnesses that appeared before the Patent Office. The court may indulge the presumption that the decision reached by the Patent Office was correct. However, that is not an irrebuttable presumption. Evidence may be offered to overcome such presumption. Decision of the Patent Office is not res judicata nor is the unsuccessful party estopped by the Patent Office decision. See United Shoe Machinery Corporation v. Muther, 1 Cir.,

1923, 288 F. 283; John Morrell & Co. v. Doyle, 7 Cir., 1938, 97 F.2d 232; General Talking Pictures Corporation v. American Tri-Ergon Corporation, 3 Cir., 1938, 96 F.2d 800.

The counterclaim is very brief. It is as follows:

"Thirty-Second: The Corporate Defendant alleges that the Plaintiff has wilfully and flagrantly violated the trade-mark rights of the Defendant, and that the Defendant is entitled to treble damages by reason of the wilfull and flagrant and illegal infringement of its trade-mark by the Plaintiff.

"Thirty-Third: Defendant denies that this Court has jurisdiction over the Commissioner of Patents and particularly in a prayer for relief such as contained in the Bill of Complaint, and that the corporate defendant, the real party in interest, has been damaged by the filing of this Complaint.

"Thirty-Fourth: Defendant alleges that in the course of the interference proceeding set up by the Bill of Complaint, plaintiff, through its attorneys, offered to sell to defendant certain rights to the mark 'Dan-Dee', and that the defendant herein through other sources did acquire the same identical rights, setting back the date of adoption many years before the date of adoption alleged by plaintiff, and that plaintiff is estopped from denying the validity of said rights."

The counterclaim is insufficient. It does not sufficiently set forth a claim upon which relief can be granted. See Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774. Paragraph 34 sets forth that in the course of the interference proceeding plaintiff offered to sell its trade-mark and that therefore the plaintiff is estopped from denying the validity of said rights. This can hardly be called a counterclaim as there is no allegation that the offer was accepted. Apparently the purpose of the counterclaim is to recover damages from the plaintiff for plaintiff's infringement of defendant's trade-mark.

The motion to strike the first and second defenses is granted. The counterclaim is insufficient; the defendant will be given an opportunity to amend its answer by setting up a proper counterclaim.

Settle order on notice.