**OLD DUTCH FOODS, INC., Plaintiff,**

v.

**DAN DEE PRETZEL & POTATO CHIP CO.,**
and
**Berg's Bretzels, Inc., Defendants.**

**Civ. No. C67-832.**

United States District Court,
N. D. Ohio, E. D.

March 10, 1972.

Donald A. Teare, Albert R. Teare, Teare, Teare & Sammon, Cleveland, Ohio, and Phillip H. Smith, Minneapolis, Minn., for plaintiff.

Charles R. Rust, Woodling, Krost, Granger & Rust, Cleveland, Ohio, for defendant.

## MEMORANDUM, OPINION AND ORDER

KRUPANSKY, District Judge.

This is an action by petitioner arising under the Trademark Act of July 5, 1946, 15 U.S.C. § 1051 et seq. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1338.

Plaintiff seeks to enjoin defendant from using the plaintiff's trademark name "OLD DUTCH" or any word or words confusingly similar to the mark "OLD DUTCH". All parties have submitted the case to the Court for decision upon its merits.

Considering the pleadings, evidence, stipulations, briefs, and arguments of counsel, the Court adopts as its findings of fact the stipulations of the parties hereto.

1. Plaintiff, Old Dutch Foods, Inc., is a Minnesota corporation, having its home office located in Minneapolis, Minnesota. Plaintiff commenced its business in 1934 under the name of "OLD DUTCH FOODS", and began selling snack foods (potato chips, pretzels and popcorn) under the trademark "OLD DUTCH" on June 1, 1934. The company first sold its products under the mark "OLD DUTCH" in interstate commerce on or about July 15, 1934.

2. Plaintiff is the owner of U. S. Trademark Registration No. 648,659 registered July 16, 1957, on the mark "OLD DUTCH" for popcorn, potato chips, cheese flavored corn confection, fresh nut meats, salted peanuts, prepared edible sunflower seeds, pretzels, and cheese crackers. The registration recites a date of first use of June 1, 1934, and a date of first use in interstate commerce of about July 15, 1934.

3. Plaintiff's sales of snack food products (including pretzels) under the mark "OLD DUTCH" has been continuous since the date opposite each respective state:

| | |
|---|---|
| Minnesota | 1934 |
| Wisconsin | 1934 |
| Iowa | 1938 |
| South Dakota | 1938 |
| Nebraska | 1938 |
| Michigan | 1939 |
| North Dakota | 1939 |
| Wyoming | 1955 |
| Montana | 1940–1942, resume 1955 to present |
| Oregon | 1941—discontinued same year |
| Utah | 1941—discontinued same year |
| Illinois | 1960–1961—resumed in 1970 |

4. Plaintiff's annual sales in the United States for its snack food products sold under the mark "OLD DUTCH" has increased to an annual volume of $11,573,082.11 for 1970 plus $11,162,752.00 representing sales in Canada.

5. The plaintiff's approximate annual advertising expenditure in the United States for promoting its products under the mark "OLD DUTCH" was $176,687.00 in 1970 and $213,729.00 in Canada. These figures are representative of annual advertising commitments made by the plaintiff since 1959. Advertising media utilized by plaintiff includes television, radio, and periodicals, with exposure in the geographical market area of present product distribution noted in paragraph 3 above. However, the plaintiff's "OLD DUTCH" products have been promoted in two advertisements placed in periodicals having nationwide distribution, i. e., January 1968 issue of FOOD PROCESSING-MARKETING and the December 1967 issue of SPONSOR magazine.

6. Plaintiff's snack food products have always been promoted, sold, and packaged under the mark "OLD DUTCH", as demonstrated by Exhibits A, B, C, D, and E; these being, respectively, a pretzel package, a potato chip package, a corn chip package, a cheese corn package and a popcorn package. The packages are typical of those distributed over the years by the plaintiff. The plaintiff's current list of products marketed under the mark "OLD DUTCH" includes potato chips, shoestring potatoes, pretzels, popcorn, cheese corn, nuts, corn chips, puffed corn products of varying shapes, raw popping corn, cheese wafers, caramel corn, and smoked meat snacks.

7. Defendant, the Dan Dee Pretzel & Potato Chip Company (hereinafter referred to as Dan Dee), is an Ohio corporation, incorporated in August of 1931 having its home office in Cleveland, Ohio. The predecessor of Dan Dee began doing business in about 1913. Dan Dee now sells a line of snack food products including potato chips, pretzel products, corn snack products and other miscellaneous products such as pork skins, ice cream cones, and chip dips.

8. Stock control of Dan Dee Pretzel & Potato Chip Company and Berg's Bretzels, Inc., is vested in and exercised by essentially the same stockholders. Berg's Bretzels, Inc. (hereinafter referred to as Berg's) is authorized the use of all Dan Dee trademarks, names, designs, indicia, and packaging materials including but not limited to "DAN DEE", "HYLO-IZED", "TWIS TEES", and "GOLDEN WAVE". The foregoing control is accomplished through a written agreement (Exhibit F).

9. Stockholders of Dan Dee also assert stock and operational control over:

(a) Dan Dee Central Ohio Corporation—Ohio Corporation formed August 11, 1943

(b) Dan Dee Northern Ohio Corporation—Ohio Corporation formed August 11, 1943

(c) Dan Dee Eastern Ohio Corporation—Ohio Corporation formed August 11, 1943

(d) Dan Dee West Virginia Corporation—West Virginia Corporation formed April 24, 1944

10. Dan Dee stockholders incorporated Empire Pretzel & Potato Chip Corporation, a New York corporation, on July 27, 1950, and assert stock and operational control thereof.

11. On February 20, 1950, Empire Pretzel & Potato Chip Corporation was licensed to use the following trademarks registered by the defendant Dan Dee: "DAN DEE", "HYLO-IZED", "TWIS TEES", and "GOLDEN WAVE". (Exhibit F.)

12. The defendants first used the name "OLD DUTCH" on noodles as early as March 1, 1938, which use continued until 1948. This use is exemplified by attached Exhibit H, a bag in which the noodles were packaged and sold. The name was adopted by defendant in good faith and without knowledge of any use of the mark "OLD DUTCH" by plaintiff.

13. Dan Dee and its related companies first adopted and applied the name "OLD DUTCH" to its packaged pretzels in the following states on the indicated dates:

| | |
|---|---|
| Ohio | 1941 |
| Pennsylvania | 1941 |
| New York | 1941 |
| West Virginia | 1941 |
| Kentucky | 1948 |
| Indiana | 1948 |

This use has been continuous and uninterrupted to the present date. The name as applied to pretzels was also adopted and used by defendants in good faith and without knowledge of any use of the mark "OLD DUTCH" by plaintiff.

14. Exhibits listed below are representative copies of packaging material for pretzels sold by defendants, illustrating the manner and character throughout the designated years, of their use of the name "OLD DUTCH". Each Exhibit has been marked with a copyright notice for the mark "Dan Dee" and indicates the year it was introduced and used:

Exhibit I—Copyright 1941
Exhibit J—Copyright 1948
Exhibit K—Copyright 1950
Exhibit L—Copyright 1956
Exhibit M—Copyright 1965

15. All of defendants' snack food products have been manufactured and sold under the mark "DAN DEE" which is defendants' primary registered trademark and which is licensed to its related companies along with the additional registered trademarks "HYLO-IZED", "TWIS TEES", and "GOLDEN WAVE". Defendants' pretzel products have also carried a second name on their packages, i. e. "OLD DUTCH", "DUTCH" or sometimes "BAVARIAN". (Defendants' Exhibits I through O.)

16. Defendants' packaged pretzel products bearing the name "DUTCH", have been sold in the States of Ohio, Pennsylvania, New York, West Virginia, Kentucky, and Indiana since approximately 1961.

17. Defendants' pretzel products sold in packages bearing the name "BAVARIAN", have been sold for approximately the last five years in the same geographical areas.

18. Defendants have never applied the notation "Trademark" or its abbreviation "TM" to the names "OLD DUTCH", "DUTCH", and "BAVARIAN", although defendants have applied the notation ® to indicate the registration of defendants' registered trademarks. The names "OLD DUTCH", "DUTCH", and "BAVARIAN" have always been used on the defendants' packages in a letter size smaller and less prominent than the letter size used for the words "DAN DEE".

19. Defendants' pretzel sales constitute approximately 15 percent of defendants' gross sales. The defendants expended approximately $150,000.00 annually during the last five years for advertising all of their snack food products. Defendants do not allocate advertising expenditure to any one type of product, and the expenditure relates to all of its snack food products. The names "OLD DUTCH", "DUTCH", and "BAVARIAN" are presented to the public with the name "DAN DEE" on packages, displays, on its trucks, in newspapers, and on radio and television. The names "OLD DUTCH", "DUTCH", and "BAVARIAN" have never been used independently of the trademark "DAN DEE" in any form of advertisement.

20. Defendant and its related companies' sales for all snack food products

has increased to an annual volume of approximately $10,000,000.00.

21. Defendant, Dan Dee Pretzel & Potato Chip Company has obtained Federal trademark registrations on the trademark "DAN DEE". In December 1970, it filed an application for a concurrent use Federal trademark registration on "OLD DUTCH" for use in Ohio, Pennsylvania, New York, West Virginia, Kentucky and Indiana. The defendants have otherwise never attempted to obtain trademark registrations on "OLD DUTCH", "DUTCH", and "BAVARIAN".

22. Defendants do not sell their snack food products outside of the States of Ohio, Pennsylvania, New York, West Virginia, Kentucky and Indiana.

Title 15 U.S.C. § 1057(b) provides:

(b) A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the certificate, subject to any conditions and limitations stated therein.

Plaintiff having duly registered the trademark "OLD DUTCH" and having been issued Registration No. 648,659, evidencing such registration, insured itself the exclusive right to use the aforesaid mark as specified in its certificate of registration.

Defendants have invoked the defense of "good faith prior usage" afforded by 15 U.S.C. § 1115(b) (5) the pertinent parts of which provide as follows:

(b) If the right to use the registered mark has become incontestable under section 1065 of this title, the registration shall be conclusive evidence of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the affidavit filed under the provisions of said section 1065

subject to any conditions or limitations stated therein except when one of the following defenses or defects is established:

\* \* \* \* \* \*

(5) That the mark whose use by a party is charged as an infringement was adopted without knowledge of the registrant's prior use and has been continuously used by such party or those in privity with him from a date prior to registration of the mark under this chapter or publication of the registered mark under subsection (c) of section 1062 of this title: *Provided, however,* That this defense or defect shall apply only for the area in which such continuous prior use is proved;
\* \* \*

 Good faith use of "OLD DUTCH" by the defendants in Ohio, Pennsylvania, New York, West Virginia, Kentucky, and Indiana prior to plaintiff's registration and certification of the name is conceded by all parties. Accordingly, defendants' use of "OLD DUTCH" on their pretzel products and within the limited geographical areas of Ohio, Pennsylvania, New York, West Virginia, Kentucky, and Indiana as established by the "prior use" doctrine of 15 U.S.C. § 1115(b) is hereby approved and sanctioned. Defendants' request for exclusive use of the mark "OLD DUTCH" in the above-mentioned geographical area is denied. Hot Shoppes Inc. v. Hot Shoppe, Incorporated, 203 F.Supp. 777 (D.C.N.C. 1962); Burger King of Florida, Inc. v. Hoots, 403 F.2d 904 (7th Cir. 1968). However, defendants are permanently enjoined from extending any use of said mark or any other mark or marks confusingly similar thereto beyond the limited marketing areas hereinabove designated. Haviland & Co. v. Johann Haviland China Corp., 269 F.Supp. 928 (D.C.N.Y.1967).

Proceeding to the issue raised by defendants' application for concurrent use trademark registration for the mark "OLD DUTCH" filed in the U. S. Patent Office on December 3, 1970, the Court

**1404**

directs its attention to 15 U.S.C. § 1052 (d) (e) which provides:

§ 1052 Trade-marks registrable on principal register; concurrent registration

No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

\* \* \* \* \* \*

(d) Consists of or comprises a mark which so resembles a mark registered in the Patent Office or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive \* \* \*

(e) Consists of a mark which, (1) when applied to the goods of the applicant is merely descriptive or deceptively misdescriptive of them, or (2) when applied to the goods of the applicant is primarily geographically descriptive or deceptively misdescriptive of them, except as indications of regional origin may be registrable under section 1054 of this title, or (3) is primarily merely a surname.

■ Considering the criteria requisite to support a trademark right including the manner of defendants' consistent use of the words "OLD DUTCH" in displaying the term, without exception, in conjunction with and secondary to defendants' trademark "DAN DEE"; as a term descriptive of its geographical sales area historically settled and inhabited by Old Dutch families and their ancestors; failure of defendants to exclusively promote and advertise the terms "OLD DUTCH" as an identity symbol of its product line, and, in general, an absence of a manifestation to use the words as a trademark, the Court concludes that defendants' claim to concurrent trademark registration rights to "OLD DUTCH" fall far short of establishing a property, legal or de jure right to such name. In re: Big Stone Canning Co., 169 U.S.P.Q. 815 (TTAB 1971); In re: Interstate Folding Box Co., 167 U.S.P.Q. 241 (TTAB 1970).

### CONCLUSION

Upon the foregoing, it is Ordered, Adjudged, and Decreed that:

1. Plaintiffs' prayer for permanent injunction restraining defendants from further use of the mark "OLD DUTCH" or any mark confusingly similar thereto is granted except that defendants shall be permitted the concurrent use with plaintiffs of the mark "OLD DUTCH" on their pretzel products in the geographical areas of the States of Ohio, West Virginia, Pennsylvania, New York, Indiana, and Kentucky. Said concurrent use shall be consistent with the manner and means previously employed by defendant and as set forth in more detail in the Findings of Fact herein;

2. Defendants' prayer for a concurrent use trademark registration for the mark "OLD DUTCH" is denied;

3. Each party to assume its own costs including attorneys' fees.

This opinion shall constitute the Court's Findings of Fact and Conclusions of Law; Federal Rules of Civil Procedure 52(a).