**OLD DUTCH FOODS, INC.,**
Plaintiff-Appellee,

v.

**DAN DEE PRETZEL & POTATO CHIP CO. and Berg's Pretzels, Inc.,**
Defendants-Appellants.

No. 72–1487.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 28, 1972.

Decided April 25, 1973.

Charles R. Rust, Cleveland, Ohio, for defendants-appellants; Bruce B. Krost, Woodling, Krost, Granger & Rust, Cleveland, Ohio, on brief.

Phillip H. Smith, Merchant & Gould, Minneapolis, Minn., for plaintiff-appellee.

Before WEICK and McCREE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

WEICK, Circuit Judge.

This appeal is from a summary judgment in favor of the plaintiff in an action for infringement of its trademark, "OLD DUTCH" registered in the United States Patent Office as No. 648,659 on July 16, 1957. The action was brought under the Trademark Act of 1946, commonly referred to as the Lanham Act. 15 U.S.C. §§ 1051 to 1127, as amended.

Old Dutch Foods sought therein to enjoin the defendants, Dan Dee and its affiliate, from using its registered trademark "OLD DUTCH" or any words confusingly similar on the defendants' packaged products. Dan Dee, in its answer and counterclaim, asserted that a complete injunction ought not to issue because it had a valid defense of good faith usage prior to the registration in six states, afforded by 15 U.S.C. § 1115(b)(5). In addition, Dan Dee sought concurrent registration of the term "OLD DUTCH" pursuant to 15 U.S.C. § 1052. The parties executed two stipulations and offered other evidence.

The District Court in its opinion, 345 F.Supp. 1399, held that Dan Dee was entitled to the use of "OLD DUTCH" on its packaged pretzel products "within the limited geographical areas of Ohio, Pennsylvania, New York, West Virginia, Kentucky and Indiana, as established by the prior use defense of 15 U.S.C. § 1115(b)." The Court denied Dan Dee the exclusive use of the mark "OLD DUTCH" in the above-named areas and also concurrent registration of the mark under 15 U.S.C. § 1052. 345 F.Supp. 1399 (N.D.Ohio 1972). The result of this decision was that Dan Dee could use the words "OLD DUTCH" along with its mark "DAN DEE" in the same manner in which it had been using them on its packaged products in a six-state area of prior use, but the plaintiff could also use its mark "OLD DUTCH" on its products in that same six-state area if it desired to trade in that area.

Old Dutch Foods is a Minnesota corporation having its home office located in Minneapolis, Minnesota. It commenced doing business in 1934 under the name of "Old Dutch Foods," and began selling snack foods (potato chips, pretzels and popcorn) under the mark "OLD DUTCH" in interstate commerce on or about July 15, 1934.

It is the owner of United States Trademark Registration No. 648,659 registered July 16, 1957, on the mark "OLD DUTCH" for popped popcorn, potato chips, cheese flavored corn confection, fresh nut meats, salted peanuts, prepared edible sunflower seeds, pretzels and cheese crackers.

Its sale of snack food products under the mark "OLD DUTCH" has taken place in the following states for the time indicated:

| | |
|---|---|
| Minnesota | 1934 to date |
| Wisconsin | 1934 to date |
| Iowa | 1938 to date |
| South Dakota | 1938 to date |
| Nebraska | 1938 to date |
| Michigan | 1939 to date |
| North Dakota | 1939 to date |
| Wyoming | 1955 to date |
| Montana | 1940–1942, resumed 1955 to date |
| Oregon | 1941 discontinued same year |
| Utah | 1941 discontinued same year |
| Illinois | 1960–1961 resumed 1970 to date |

Its approximate annual advertising expenditure in the United States for promoting its products under the mark "OLD DUTCH" was $176,687.00 in 1970 and $213,729.00 in Canada. These amounts are representative of annual advertising commitments made by the Old Dutch Foods since 1959. Its products have been promoted in two advertisements placed in periodicals having nationwide distribution, one in 1967 and one in 1968. It has always promoted its products exclusively under the mark "OLD DUTCH." Its sales of its trademarked product in the United

States and Canada for the year 1970 were respectively $11,573,082.00 and $11,162,752.00.

Defendant, the Dan Dee Pretzel & Potato Chip Co., is an Ohio corporation, incorporated in 1931 and having its home base in Cleveland, Ohio.

The defendant and its related companies first adopted and applied the name "OLD DUTCH," along with its name "DAN DEE," to its packaged pretzels in the following states on the indicated dates:

| | |
|---|---|
| Ohio | 1941 |
| Pennsylvania | 1941 |
| New York | 1941 |
| West Virginia | 1941 |
| Kentucky | 1948 |
| Indiana | 1948 |

This use has been continuous and uninterrupted to the present date. The name as applied to pretzels was adopted and used by defendants in good faith and without actual knowledge of any use of the mark "OLD DUTCH" by the plaintiff. It had previously used the name "OLD DUTCH" on noodles from March 1, 1938 to 1948.

The defendant has expended approximately $150,000.00 annually during the last five years for advertising all of its snack food products. The name "OLD DUTCH" has been advertised to the public only in conjunction with the defendant's registered trademark "DAN DEE." Dan Dee has used a second name in all its products such as "OLD DUTCH," "DUTCH," or sometimes "BAVARIAN." [1]

In December, 1970, the defendant filed an application in the patent office for a concurrent-use federal trademark registration on "OLD DUTCH" for use in Ohio, Pennsylvania, New York, West Virginia, Kentucky and Indiana. The defendant has otherwise never attempted to obtain federal registration on "OLD DUTCH." The application is presently pending the outcome of this appeal.

15 U.S.C. § 1115(b) provides in part as follows: [2]

". . . (b) If the right to use the registered mark has become incontestable under section 1065 of this title, the registration shall be conclusive evidence of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the affidavit filed under the provisions of said section 1065 subject to any conditions or limitations stated therein except when one of the following defenses or defects is established:

. . . . . .

(5) That the mark whose use by a party is charged as an infrigement was adopted without knowledge of the registrant's prior use and has been continuously used by such party or those in privity with him from a date prior to registration of the mark under this chapter or publication of the registered mark under subsection (c) of section 1062 of this title: *Provided, however,* That this defense or

---

1. Dan Dee never applied the notation Trademark or its abbreviation "T.M." to the names "OLD DUTCH," "DUTCH" and "BAVARIAN" on its products but it did use the notation "R" to indicate its registration of "DAN DEE". The name "OLD DUTCH", "DUTCH" and "BAVARIAN" have always been used in a smaller letter size and less prominent than its name "DAN DEE", which was featured. The "OLD DUTCH", "DUTCH" and "BAVARIAN" names have never been used by the defendants independently of the name "DAN DEE".

2. The defendant strenuously urges that the District Court ought not to have issued any type of injunction, stating that there was no evidence that it intended to expand business into areas in which the plaintiff sells its products. Considering the deposition testimony of the President of Dan Dee as to expansion plans (which testimony was before the Court), we cannot say that the implicit finding of the District Court to the contrary is clearly erroneous. Fed.R.Civ.P. 52(a).

defect shall apply only for the area in which such continuous prior use is proved; . . . ."

On authority of Burger King of Florida, Inc. v. Hoots, 403 F.2d 904 (7th Cir. 1968), and Hot Shoppes, Inc. v. Hot Shoppe, Inc., 203 F.Supp. 777 (M.D.N. C.1962), the Court held that while the above section gave the defendant a limited defense, the defendant was not entitled under this section to keep the plaintiff from selling its products in the six-state area in which the defendant used the term on its products.[3]

The District Court then held that the defendant was not entitled to concurrent registration of the mark "OLD DUTCH" under 15 U.S.C. § 1052(d). The Court predicated this holding upon a finding that the defendant did not use the term "OLD DUTCH" on its products as a trademark within the meaning of the Act.

■ The grounds for this finding that Dan Dee did not use the term "OLD DUTCH" as a "trademark" were said to be two-fold: First, Dan Dee consistently displayed the term "OLD DUTCH" on its products in conjunction with its registered trademark "DAN DEE," i. e., that the term "OLD DUTCH" never singularly or prominently identified the defendant's products to the consumer. Second, the defendant failed to exclusively promote and advertise the term "OLD DUTCH."

This finding is either a mixed finding of fact and conclusion of law, or it is a finding of an ultimate fact in the making of which is involved legal principles. In either event, it is subject to appellate review and the clearly erroneous rule has no application. Fed.R.Civ.P. 52(a). United States v. Weingarden, 473 F.2d 454 (6th Cir. 1973); Cordovan Asso-

ciates, Inc. v. Dayton Rubber Co., 290 F.2d 858, 860 (6th Cir. 1961).

■■ The term "trademark" as used in the Trade-Mark Act of 1946, is defined as follows:

"The term 'trade-mark' includes any word, name, symbol, or device or any combination thereof adopted and used by a manufacturer or merchant to identify his goods and distinguish them from those manufactured or sold by others." 15 U.S.C. § 1127.

Thus, a trademark is a term which serves the function of designating the goods as the product of a particular trader to the prospective purchaser. Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713 (1916); Sweetarts v. Sunline, Inc., 380 F.2d 923 (8th Cir. 1967). Moreover, the "designation" of the goods as those of the particular trader is liberally construed. See, e. g., Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 316 U.S. 203, 62 S.Ct. 1022, 86 L.Ed. 1381 (1942), wherein the Court held that it was not necessary to show that purchasers believed the goods were those of the trademark owner in order to recover for infringement of the mark.

It is inconceivable that a merchant would, as the defendant has done, imprint a term on its products continuously for over thirty years without any intention that the term would help identify the product to the consumer.

■ Furthermore, the fact that a product bears more than one mark does not mean that each can not be a valid trademark. In fact, not infrequently products have more than one trademark imprinted thereon. See e. g., Carter-Wallace, Inc. v. Procter & Gamble Co., 434 F.2d 794, 800 (9th Cir. 1970);

3. Because of our holding on the availability of concurrent registration, above, it is not necessary to decide whether this restrictive interpretation of 15 U.S.C. § 1115 (b)(5) is correct. However, we do note that it is difficult to reconcile a result that two merchants are selling similar goods with the same mark side by side

on the retail shelves with the stated purpose of the Lanham Act; i. e., to protect the public by enabling the consumer to distinguish between competing goods and to protect the merchant who has invested time and money into presenting his specific product to the consumer. See H.R. Rep.No.219, 79th Cong. 1st Sess. (1945).

United Lace & Braid Mfg. Co. v. Barthels Mfg. Co., 221 F. 456 (E.D.N.Y. 1915); Loonen v. Deitsch, 189 F. 487 (2nd Cir. 1911). Thus, the defendant's use of the mark "DAN DEE" on its products does not mean that "OLD DUTCH" was used in a manner inconsistent with a trademark. "OLD DUTCH" could identify the products as those of the defendant as well as "DAN DEE."

■ The District Court's second ground for holding that "OLD DUTCH" was not used as a trademark is equally unpersuasive. While the promotion of a mark may be a factor in the determination of whether the mark is used to identify the manufacturer of the goods, it is not dispositive of the issue one way or the other. Compare Carter-Wallace, Inc. v. Procter & Gamble Co., 434 F.2d 794 (9th Cir. 1970) with Smith v. Chanel, Inc., 402 F.2d 562 (9th Cir. 1968).

If anything, it appears that advertising by the defendant in this case is a positive factor in the determination of whether "OLD DUTCH" was used as a trademark. While the defendant did not exclusively promote "OLD DUTCH" with its product, it did in fact promote "OLD DUTCH," albeit in conjunction with its other trademark.

Most important, however, we note that the District Court implicitly found in another part of its opinion that the defendant used the term "OLD DUTCH" as a trademark. The Court quoted 15 U.S.C. § 1115(b)(5) which provides a defense to an infringement action where it is shown "[t]hat the *mark* whose use by a party is charged as an infringement was adopted without knowledge of the registrant's prior use and has been continuously used by such party . . ." (Emphasis added.) In holding that the defendant had such a defense, the Court implicitly found that the term "OLD DUTCH" was used by the defendant as a "mark."

Turning to the definitional section of the Act, we find that the word "mark" means the same thing (or even more) than the word "trademark."

"The term *'mark'* includes any *trademark*, service mark, collective mark, or certification mark *entitled to registration* under this chapter whether registered or not." 15 U.S.C. § 1127 (Emphasis added.)

For these reasons, we find that the defendant Dan Dee used the term "OLD DUTCH" as a trademark within the meaning of the Act. We therefore direct our attention to the concurrent registration provision of the Act.

The Lanham Act of 1946 provides for the registration of similar marks on similar products of two different merchants in certain prescribed conditions. 15 U.S.C. § 1052 provides:

"No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

. . . (d) Consists of or comprises a mark which so resembles a mark registered in the Patent Office or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive: *Provided,* That when the Commissioner determines that confusion, mistake, or deception is not likely to result from the continued use by more than one person of the same or similar marks under conditions and limitations as to the mode or place of use of the marks or the goods in connection with which such marks are used, concurrent registrations may be issued to such persons when they have become entitled to use such marks as a result of their concurrent lawful use in commerce prior to (i) the earliest of the filing dates of the applications pending or of any registration issued under this chapter . . . ."

■ There is no question but that the defendant is entitled to concurrent

registration of the mark "OLD DUTCH" as a result of its use of the mark in commerce prior to the earliest of the filing dates of the registration issued to the plaintiff Old Dutch under this Act. The defendant used the mark without knowledge of the plaintiff's use in each of the six states since at least 1948, nine years prior to the registration of the mark by the plaintiff in 1957.

The only real issue then is the determination of the "conditions and limitations as to the mode or place of use of the mark" by the defendant. 15 U.S.C. § 1052(d).

■ We note initially that another Circuit has held that such a determination can be made only by the Commissioner and not by the courts. We decline to follow this decision. Safeway Stores, Inc. v. Safeway Quality Foods, Inc., 433 F.2d 99 (7th Cir. 1970). We recognize that the concurrent registration section provides that: ". . . *the Commissioner* shall prescribe conditions and limitations as to the mode or place of use of the mark . . . ." 15 U.S.C. § 1052(d). (Emphasis added.) This, of course, applies to cases where the Commissioner, and not the Court, orders the concurrent registration. Moreover, the above language must be read in conjunction with the powers given to the federal courts in trademark proceedings before them. 15 U.S.C. § 1071(b)(1) provides:

". . . The court may adjudge that an applicant is entitled to a registration upon the application involved, that a registration involved should be canceled, or such other matter as the issues in the proceeding require, as the facts in the case may appear. Such adjudication shall autho-

rize the Commissioner to take any necessary action, upon compliance with the requirements of law."

Thus it is true that the Commissioner shall prescribe conditions and limitations, but only upon the authorization of the court before which the proceeding is brought. We therefore turn to the merits of what conditions and limitations must be imposed upon the concurrent registration of "OLD DUTCH" by the defendant.

■ In the Act itself there are a number of provisions which create new (federal) substantive rights of trademarks.[4] The most important of these, and the provision that relates directly to this case, is 15 U.S.C. § 1072. This section makes registration of a mark on the principal register constructive notice to the nation of the registrant's claim of ownership of the mark.[5] The effect of § 1072 was concisely described in John R. Thompson Co. v. Holloway, 366 F.2d 108 (5th Cir. 1966).

"By eliminating the defense of good faith and lack of knowledge on the part of the junior user, sections 1072 and 1115 [giving the exclusive right to use the mark] afford a registrant nationwide protection for its registered marks, regardless of the geographic area in which the registrant actually uses his mark." 366 F.2d at 115.

■ The result of this section is that, contrary to the common law, a registrant of a valid trademark has rights in his mark even in areas in which he does not conduct business. It simply is no longer the law that a trademark "does not . . . project the right of protection in advance of the extension of the trade . . . ." United Drug Co. v. Theodore Rectanus Co., 248 U.S.

---

4. For example, 15 U.S.C. § 1054, created what are denominated "collective marks". See Pacific Supply Coop. v. Farmers Union Central Exch., Inc., 318 F.2d 894, 906 (9th Cir. 1963).

5. This section states: "Registration of a mark on the principal register provided by this chapter . . . shall be constructive notice of the registrant's claim of ownership thereof."

90, 98, 39 S.Ct. 48, 51, 63 L.Ed. 141 (1918).[6]

 Old Dutch Foods registered the trademark "OLD DUTCH" in 1957. After that registration, everyone had constructive notice that Old Dutch owned that mark nationwide, including the defendant Dan Dee. While Dan Dee had a right to use the mark in the six-state area of use prior to the registration by Old Dutch pursuant to the "good faith prior user" defense of 15 U.S.C. § 1115(b)(5), it did not have the right to use the mark in any other area in the nation. If it did it would be adopting a mark with constructive notice of Old Dutch's ownership of the mark; if it did it would be in contravention of Old Dutch's nationwide rights in the mark.

 We are in accord with the reasoning of the U.S. Court of Customs and Patent Appeals in Alfred Dunhill of London, Inc. v. Dunhill Tailored Clothes, Inc., 293 F.2d 685, 49 C.C.P.A. 730 (1961), wherein the court stated that concurrent registration of a mark should conform with the right of the registrant to use the mark.[7]

Having decided that the defendant's right to use the mark "OLD DUTCH" is limited under the Lanham Act to the six-state area of usage prior to the 1957 registration of the mark by the plaintiff, we direct the Commissioner to issue concurrent registration to Dan Dee with these limitations: the registration shall reflect that the place of use of the mark "OLD DUTCH" shall be limited to the states of Ohio, Pennsylvania, New York, West Virginia, Kentucky and Indiana, and the use restricted to the manner, means and packaged products previously employed by Dan Dee as set forth in detail in the opinion of the District Court. The registration of the plaintiff shall reflect that the place of use of its mark includes the remainder of the United States.

The judgment of the District Court is modified as herein set forth and, as modified, is affirmed.

6. The fact that the Lanham Act of 1946 modified the substantive law of trademarks as it existed at common law does not mean that the Act obliterated it. In fact, many of the common law concepts of trademarks prevail in statutory form. For example, a trademark does not exist independent of any use of the mark since the definition of a trademark is a symbol or word "adopted and used by a manufacturer." 15 U.S.C. Sec. 1127. Another example is the provision which prohibits a registrant from bringing an action of infringement until he begins trading in the area in which the junior user is expropriating his mark. 15 U.S.C. Sec. 1114. See John R. Thompson Co. v. Holloway, 366 F.2d 108 (5th Cir. 1966); Dawn Donut Co. v. Hart's Food Stores, Inc., 267 F.2d 358 (2nd Cir. 1959).

7. Note that this is not a concurrent-use proceeding where two parties have used a mark in distinct areas and each applies for registration in the same proceeding. In such a case, the limitations on the respective registrations for the area of non-use of the mark (the remainder of the United States where neither had theretofore used the mark) can not be determined on a "right to use" basis. The reason is simply that it can not be said that either party has constructive notice of the other's ownership where there has been no prior registration. See In Re Beatrice Foods Co., 429 F.2d 466, 474, 57 C.C.P.A. 1302 (C.C.P.A.1970).