**FLEMING COMPANIES, INC., Plaintiff,**

v.

**THRIFTWAY, INC., Defendant.**

No. C–1–92–418.

United States District Court,
S.D. Ohio, W.D.

Oct. 28, 1992.

James Harry Hayes, Frost & Jacobs, Cincinnati, OH, for plaintiff.

Bruce Tittel, Wood, Herron & Evans, Cincinnati, OH, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

SPIEGEL, District Judge.

This matter is before the Court on the Defendant's Motion to Dismiss (doc. 3), the Defendant's Brief in Support of its Motion to Dismiss (doc. 4), the Plaintiff's Reply Memorandum in Opposition to the Defendant's Motion to Dismiss (doc. 7), and the Defendant's Memorandum in Response to the Plaintiff's Memorandum (doc. 8).

## BACKGROUND

This action follows a decision of the Trademark Trial and Appeals Board ("TTAB") denying the Plaintiff concurrent registration covering a certain trading area, of the trademark "THRIFTWAY." In prior proceedings, the United states Patent and Trademark Office has held that the Defendant, Thriftway–Cincinnati, and the

40

Plaintiff, Fleming, were entitled to concurrent use registration of the same THRIFT-WAY mark under 15 U.S.C. § 1052(d), (§ 2(d) of the Lanham Act). Pursuant to these proceedings, the Defendant was entitled to national registration covering the entire United States, with the exception of a limited area subject to the Plaintiff's exclusive use. The Plaintiff's territory of exclusive use consisted of the states of New Jersey and Delaware, and all but the western border counties of the State of Pennsylvania.

The Plaintiff has sought in vain on several occasions, to expand the scope of its federal registration to include the state of Maryland, the District of Columbia, and the portion of Virginia within a 30 mile radius of Washington International Airport ("the expanded area"). The Defendant claims that by virtue of its concurrent federal registration, limited only by the Plaintiff's area of exclusive use under its concurrent federal registration, any expansion by the Plaintiff will necessarily violate the Defendant's rights under the Lanham Act. Therefore, according to the Defendant, in seeking concurrent registration in this expanded territory, the Plaintiff has failed to state a claim upon which relief can be granted, and this case should be dismissed.

The Plaintiff counters that it is entitled to registration in the expanded territory for several reasons. First, the Plaintiff is entitled to expand its area of use of the mark into its natural area of expansion where, through advertising and promotion, it had built up goodwill prior to the Defendant's federal registration. Second, the Plaintiff claims that the Defendant has abandoned its right to exclusive use, and therefore, may not object to the Plaintiff's registration in the expanded area. Finally, the Plaintiff argues that the Court is not limited to the standard of review applicable to cases involving an appeal from the TTAB. Rather, the Plaintiff maintains, the Court in this case has broad discretion to "rectify" the situation.

We conclude that the we are bound by the standards of review applicable to appeals from the TTAB. Furthermore, we find that the Defendant's federal registration includes the area into which the Plaintiff wishes to expand, and the Plaintiff has not stated any grounds which would entitled it to federal registration for that territory. The Plaintiff has, therefore, failed to state a claim upon which relief can be granted and this action must be dismissed.

STANDARD OF REVIEW

The Defendant has filed a motion to dismiss the Plaintiff's cause of action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. On a motion to dismiss, the Court must construe all matters in the light most favorable to the party opposing the motion. *Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir.1983). Furthermore, the Court must accept as true all allegations in the well pleaded complaint under attack. *Id.*

The Plaintiff claims, among other things, that this is not simply an appeal from a decision of the TTAB, but rather a case in which the Court has wide discretion to "make any changes the court deems appropriate." The Plaintiff has attempted to characterize this case as "more than an appeal" but rather a matter in which the Court has "independent jurisdiction to grant relief" "consistent with statutory and common law principals of trademark law, and in accord with equity and common sense." In support of this argument the Plaintiff cites 15 U.S.C. §§ 1052(d) and 1119.

First, by the Plaintiff's own admission "[t]his is an appeal from a decision of the Trademark Trial and Appeal Board...." See Complaint, Doc. 1, at 2. Furthermore, although § 1119 does grant the Court jurisdiction to "rectify the register," this language alone in no way indicates what standard of review is necessary under what circumstances. By simply quoting these words, the Plaintiff fails to make the case that we have virtually unfettered authority to "change the register" under any circumstances. Thus, we conclude that under certain circumstances, such as this, though the Court clearly has jurisdiction over the

matter, it does not have limitless discretion in reviewing the TTAB's decision, § 1119 notwithstanding. *See generally, Old Charter Distillery Co. v. Ooms*, 73 F.Supp. 539, 540 (D.D.C.1947), *aff'd* 188 F.2d 614 (D.C.Cir.1950); *Oil Specialties & Refining Co. v. Twin City Shellac Co.*, 60 F.Supp. 393, 394 (E.D.N.Y.1945).

Moreover, as this case reaches the Court after the latest in a series of attempts by the Plaintiff to extend the reach of its federal registration, and more specifically, comes before us directly on the heels of the TTAB decision, we find that this is precisely a case involving an appeal from the TTAB. Consequently, we reject the Plaintiff's argument, and accord the TTAB the appropriate deference, and analyze this case under the applicable standard of review, discussed below.

■ As we review the decision of the TTAB, we must engage in a "limited" de novo review. *Wells Fargo & Co. v. Stagecoach Properties, Inc.*, 685 F.2d 302, 306 (9th Cir.1982); *Conard–Pyle Co. v. Thuron Industries, Inc.*, 201 U.S.P.Q. (BNA) 733, 736 (N.D.Texas 1978). This de novo review is "limited" in the sense that the TTAB's decision must be considered as controlling on issues of fact, unless overcome by evidence which "in character and amount carries thorough conviction." *Wells Fargo*, 685 F.2d at 306 (9th Cir.1982) (quoting *Morgan v. Daniels*, 153 U.S. 120, 125, 14 S.Ct. 772, 773, 38 L.Ed. 657 (1894)); *Conard–Pyle*, 201 U.S.P.Q. (BNA) at 736 (observing that because considerable deference must be given to the TTAB's decision the standard is most appropriately labeled "quasi de novo" review). Thus, in applying this standard, the court should give considerable deference to the decision of the board. *See* 1 Jerome Gilson, *Trademark Protection and Practice* § 3.05[4] (1990). We find, in light of the applicable standard of review, the TTAB's decision must stand, and that construing all matters in the light most favorable to the Plaintiff, the plaintiff has failed to state a claim upon which relief can be granted.

## DISCUSSION

### A) THE PLAINTIFF IS NOT ENTITLED TO CONCURRENT REGISTRATION FOR THE EXPANDED AREA

■ This case concerns the scope of concurrent registration, and the effect of exclusive rights. The law is clear that once a party obtains federal registration with respect to a given mark, the registrant has the exclusive right to use to the mark throughout the entire United States without regard to the geographic area in which the registrant actually uses the mark. *Old Dutch Foods, Inc. v. Dan Dee Pretzel & Potato Chip Co.*, 477 F.2d 150, 156 (6th Cir.1973); *See In re Beatrice Foods Co.*, 429 F.2d 466, 472–73 (CCPA 1970); *Dawn Donut v. Hart's Food Stores, Inc.*, 267 F.2d 358, 362-63 (2d Cir.1959); 15 U.S.C. §§ 1072, 1115. Thus, a registrant has rights to the exclusive use of the mark even in areas where it does not conduct any business. *Old Dutch Foods*, 477 F.2d at 156; *Dawn Donut*, 267 F.2d at 362–63 (2d Cir.1959); *see* 15 U.S.C. §§ 1072, 1115. Consequently, a junior user in a territory subject to another's registration, could *not* obtain registration for the mark in that area while the registrant's federal registration was in effect. *Action Temporary Services v. Labor Force, Inc.*, 870 F.2d 1563, 1565 (Fed.Cir.1989); *Old Dutch Foods*, 477 F.2d at 156, 157; *In re Beatrice Foods Co.*, 429 F.2d 466, 472–73 (CCPA 1970); *John R. Thompson Co. v. Holloway*, 366 F.2d 108, 114–116 (5th Cir.1966); *see Dawn Donut*, 267 F.2d at 362.

■ Although the registration of a mark grants the registrant nationwide protection, a party who qualifies may obtain concurrent use registration for the same mark under 15 U.S.C. § 1052(b) (§ 2(d) of the Lanham Act). Section 2(d) states that concurrent registration may be granted to a party, when the use by more than one person of the same mark will not result in confusion to the public, and under circumstances where the party seeking concurrent registration has "become entitled to use [the mark] as the result of their concurrent *lawful use* in commerce *prior to ... the earliest of the filing dates ... of any registration issued under this*

*act....*" (emphasis added). In applying this section and the applicable precedent to the facts of this case, we must conclude that the Plaintiff is not entitled to registration in the expanded territory.

A party is entitled to concurrent use registration covering a given territory, if that party has "lawfully" used the mark in that territory from a period prior to any other registration of that mark. *Id.; Action Temporary Services v. Labor Force, Inc.*, 870 F.2d 1563, 1565 (Fed.Cir.1989). Thus, unless the Plaintiff has been "lawfully using" the mark in the expanded territories since before the Defendant obtained federal registration covering that area, it is not entitled to concurrent registration there. We conclude that the Plaintiff's use was not a "lawful" use within the meaning of the Lanham Act, and thus, the Plaintiff is not entitled to concurrent registration in the expanded area.

■ A "lawful use" is the use of a mark in connection with goods or services in a territory not covered by another party's registration. *Id.* at 1566. As the TTAB concluded, the Plaintiff "commenced use in the expanded territory, after issuance of [the Defendant's] registration which included the expanded territory." *Fleming Company v. Thriftway, Inc.*, 21 U.S.P.Q.2d (BNA) 1451, 1455 (1991). Giving the TTAB due deference on such questions of fact, *Wells Fargo & Co. v. Stagecoach Properties, Inc.*, 685 F.2d 302, 306 (9th Cir.1982); *Conard–Pyle Co. v. Thuron Industries, Inc.*, 201 U.S.P.Q. (BNA) 733, 736 (N.D.Texas 1978), we conclude that the Plaintiff did not use the mark in the expanded territory at any time prior to the Defendant's registration. The Plaintiff is thus, not a "lawful user" within the meaning of the Lanham Act, and does not qualify for concurrent registration in the expanded territory. The Plaintiff has therefore, failed to state a claim for registration of the mark in the expanded territory, upon which relief can be granted.

## B) THE PLAINTIFF HAS NOT STATED A CLAIM OF TRADEMARK ABANDONMENT

■ Finally, we find the Plaintiff's argument regarding the doctrine of trademark abandonment unpersuasive. As a preliminary matter, we note that new evidence may be received in a § 1071(b) action, which strengthens contentions already made and supported before the TTAB. *Shell Development Co. v. Pure Oil Co.*, 111 F.Supp. 197, 199 (D.D.C.1953), *aff'd*, 212 F.2d 454 (D.C.Cir.1954). The TTAB concluded that the Plaintiff submitted insufficient evidence to support its contention that the Defendant had abandoned its mark. In reviewing the plaintiff's argument, and deferring to the TTAB's finding of fact, we conclude that the Plaintiff has not stated a claim involving abandonment.

The Plaintiff attempts to rely on *Dawn Donut v. Hart's Food Stores, Inc.*, 267 F.2d 358 (2d Cir.1959). We find that *Dawn Donut* is inapplicable to the matter at hand. It is true that *Dawn Donut* addressed the concept of abandonment. The thrust of the court's inquiry regarding the question of abandonment, however, involved the interpretation of 15 U.S.C. § 1055, the Lanham Act's licensing provision. This section prohibits licensing "in gross" (licensing without sufficient quality control), of the product bearing the licensed mark, so that the mark ceases to indicate uniformity of quality. *Dawn Donut*, 267 F.2d at 367–69; *Ron Matusalem & Matusa v. Ron Matusalem, Inc.*, 872 F.2d 1547, 1551 (11th Cir.1989); *see* 15 U.S.C. §§ 1055, 1127. We fail to see how a lack of quality control over a licensee applies to this case.

Similarly, we find the Plaintiff's reliance on *Weiner King Inc. v. Wiener King Corp.*, 615 F.2d 512 (CCPA 1980), misplaced. The Plaintiff quotes in its brief a portion of a TTAB decision cited in *Wiener King*, involving a subsequent user's right to concurrent registration. The registration in question covered the entire nation, limited only by the plaintiff's prior use trading area. The defendant, the subsequent user, was the first to nationally register. The board observed that the plaintiff, the prior user who was seeking cancellation of the defendant's registration, had failed to establish protectable rights out-

side of its trading area, and thus, could not prohibit the defendant, an innocent user, from obtaining concurrent registration. *Id.* at 519. We are not persuaded that this case has any application to the case at bar. We thus conclude, that the Plaintiff's mere recitation of the doctrine of abandonment, accompanied by inapplicable case law, is of no help to the Plaintiff in stating a claim upon which relief can be granted.

## CONCLUSION

We find that the Plaintiff was not a lawful user of the Mark THRIFTWAY in the expanded area prior to the Defendant's registration. The Plaintiff is thus, not entitled to federal registration in the expanded territory. Furthermore, we find the Plaintiff's abandonment analysis unpersuasive. Applying the appropriate "quasi de novo" review, considering the facts in the light most favorable to the Plaintiff, we conclude that the Plaintiff has failed to state a claim upon which relief can be granted.

Accordingly the Defendant's Motion to Dismiss is GRANTED and this action is DISMISSED.

SO ORDERED.