**J & D HOME IMPROVEMENT, INC., Plaintiff,**

v.

**BASEMENT DOCTOR, INC., Defendant.**

No. CIV.A.02–1275–SLR.

United States District Court, D. Delaware.

Feb. 26, 2003.

C. Malcolm Cochran, IV, Esquire and Chad M. Shandler, Esquire of Richards, Layton & Finger, LLP, Wilmington, DE. for Plaintiff. Of Counsel: Robert G. Schuler, Esquire of Kegler, Brown, Hill & Ritter Co., LPA, Columbus, OH.

Laurence V. Cronin, Esquire and Joelle E. Polesky, Esquire of Smith, Katzenstein & Furlow LLP, Wilmington, DE, for Defendant. Of Counsel: Stanley H. Cohen, Esquire of Caesar, Rivise, Bernstein, cohen & Pokotilow, Ltd., Philadelphia, PA.

## MEMORANDUM OPINION

SUE L. ROBINSON, Chief Judge.

## I. INTRODUCTION

On July 8, 2002 plaintiff J & D Home Improvement, Inc. ("J & D") filed this declaratory judgment action against defendant Basement Doctor, Inc. ("Basement Doctor") requesting adjudication of the parties' concurrent use rights to the service mark "BASEMENT DOCTOR." Currently before the court is defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). (D.I.4) For the reasons stated below, defendant's motion to dismiss is granted.

## II. BACKGROUND

Plaintiff and defendant provide basement waterproofing services under the marks "THE BASEMENT DOCTOR" and "BASEMENT DOCTOR," respectively. (D.I. 1 at ¶¶ 7, 12) The parties currently operate in different geographic areas of the country. Plaintiff has been granted registration of its service mark by the United States Patent and Trademark Office. (Id. at ¶ 10) Defendant has initiated cancellation proceedings before the Trade-

mark Trial and Appeal Board ("TTAB") seeking cancellation of plaintiff's mark. In response, plaintiff has initiated this action asking the court to determine the parties' concurrent use rights under the service marks. The TTAB has suspended the cancellation proceedings pending the outcome of this litigation. (D.I.10)

## III. STANDARD OF REVIEW

██ Not only may the lack of subject matter jurisdiction be raised at any time, it cannot be waived and the court is obliged to address the issue on its own motion. *See Moodie v. Fed. Reserve Bank of NY*, 58 F.3d 879, 882 (2d Cir.1995). Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *See Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir.2000).

██ Under Rule 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact). *See* 2 James W. Moore, Moore's Federal Practice § 12.30[4] (3d ed.1997). This case presents a facial challenge to the court's jurisdiction. Under a facial challenge to jurisdiction, the court must accept as true the allegations contained in the complaint. *See id.* Dismissal for a facial challenge to jurisdiction is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–1409 (3d Cir.1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

## IV. DISCUSSION

██ Although plaintiff's complaint alleges jurisdiction under the Declaratory Judgement Act, 28 U.S.C. § 2201, plaintiff does not assert the existence of an actual controversy such as to create jurisdiction pursuant to that act. *See Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 633–634 (Fed.Cir.1991) ("The existence of an actual controversy is an absolute predicate for declaratory judgment jurisdiction. When there is no actual controversy the court has no jurisdiction to decide the case.") (citations omitted). Rather, plaintiff alleges that this court has original jurisdiction pursuant to 15 U.S.C. § 1052(d) and 15 U.S.C. § 1121 (sections 2(d) and 39 of the Lanham Act).

Section 1052, entitled "Trademarks registrable on principal register; concurrent registration," states, in relevant part:

No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it-

(d) Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive: *Provided,* That if the Director determines that confusion, mistake, or deception is not likely to result from the continued use by more than one person of the same or similar marks under conditions and limitations as to the mode or place of use of the marks or the goods on or in connection with which such marks are used, concurrent registrations may be issued to such persons when they have become entitled to use such marks as a result of their concurrent lawful use in commerce prior to (1) the earliest of the filing dates of the applications pending or of any registration issued under this chapter; (2) July 5, 1947, in the case of registrations previously issued under the Act of March 3, 1881, or February 20, 1905,

and continuing in full force and effect on that date; or (3) July 5, 1947, in the case of applications filed under the Act of February 20, 1905, and registered after July 5, 1947. Use prior to the filing date of any pending application or a registration shall not be required when the owner of such application or registration consents to the grant of a concurrent registration to the applicant. **Concurrent registrations may also be issued by the Director when a court of competent jurisdiction has finally determined that more than one person is entitled to use the same or similar marks in commerce.** In issuing concurrent registrations, the Director shall prescribe conditions and limitations as to the mode or place of use of the mark or the goods on or in connection with which such mark is registered to the respective persons.

15 U.S.C. § 1052(d) (emphasis added).

Section 1121 states, in relevant part:

The district and territorial courts of the United States shall have original jurisdiction ... of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties.

15 U.S.C. § 1121(a).

Plaintiff asserts that section 1052(d) grants original jurisdiction to the court in matters regarding concurrent use. Defendant argues that section 1052(d) does not provide jurisdiction, but rather provides a remedy when a court determines, generally in the context of an infringement suit, "that more than one person is entitled to use" the mark in commerce.

This narrow issue appears to be a matter of first impression. The parties have not cited, and the court has not found, any case holding that section 1052(d) can or cannot establish jurisdiction. Indeed, the cases discussing concurrent use rights have done so in the context of an infringement determination or an appeal from a decision of the TTAB denying registration. *See e.g., Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.,* 106 F.3d 355 (11th Cir.1997); *Old Dutch Foods, Inc. v. Dan Dee Pretzel & Potato Chip Co.,* 477 F.2d 150 (6th Cir.1973); *Sears, Roebuck and Co. v. Sears Realty Co., Inc.,* 30 U.S.P.Q.2d 1219 (N.D.N.Y.1993); *BellSouth Corp. v. DataNational Corp.,* 60 F.3d 1565 (Fed.Cir.1995).

■ The court finds that section 1052(d) does not provide original jurisdiction. Section 1121 provides the court original jurisdiction to all "actions" arising under the Lanham Act. When Congress wanted to create an "action" under the Lanham Act, Congress clearly provided for it. *See e.g.,* 15 U.S.C. 1114(1) (Any person who infringes another's mark "shall be liable in a **civil action** by the registrant for the remedies hereinafter provided.") (emphasis added); 15 U.S.C. 1125(a)(1) (Any person who uses a mark likely to cause confusion "shall be liable in a **civil action** by any person who believes that he or she is likely to be damaged by such act.") (emphasis added); 15 U.S.C. § 1071 (a party who is dissatisfied with the decision of the TTAB may "have remedy by a **civil action**[.]") (emphasis added). Section 1052(d) does not create a "civil action." Section 1052(d) provides the court with the alternative remedy of concurrent registration when the court "has finally determined that one or more person is entitled to use the same or similar marks in commerce." Thus, a party cannot seek to have a court determine concurrent use rights as an offensive response to cancellation proceedings initiated in the Patent and Trademark Office. *Cf. GMA Accessories, Inc. v. Idea Nuova, Inc.,* 157 F.Supp.2d 234, 241 (S.D.N.Y. 2000) ("Thus, a party cannot seek cancellation offensively and rely solely upon that claim for federal jurisdiction. Here, however, Idea Nuova claims that GMA's use of

the Room on the Run trademark infringes Idea Nuova's ROOM IN A BOX mark in violation of § 39(a) of the Lanham Act. There exists an independent basis for federal jurisdiction 'involving' GMA's registered trademark[.]") (internal citations omitted).

## V.  CONCLUSION

For the reasons stated, J & D has failed to assert a claim upon which relief can be granted.  Basement Doctor's motion to dismiss is granted.  An appropriate order shall issue.