**HOLLOWFORM, INC., Appellant,**

**v.**

**Delma AEH, Appellee.**

**Patent Appeal No. 74–548.**

United States Court of Customs and Patent Appeals.

May 22, 1975.

---

Robert D. Hornbaker, Los Angeles, Cal., attorney of record, for appellant.

Richard Hildreth, Fletcher, Heald, Rowell, Kenehan & Hildreth, Washington, D. C., attorneys of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from the Trademark Trial and Appeal Board's decision, 180 USPQ 284 (1973), dismissing appellant's opposition to the registration of TOP-KAT as a trademark for camping trailers and truck campers, application serial No. 394,999, filed June 16, 1971. Decision was rendered on applicant's motion to dismiss the opposition for failure to state a claim upon which relief can be granted.

The opposition was predicated on opposer's claim that it was the owner of the trademark TOP KAT for truck campers in twelve western states in which it used the mark before the applicant, doing business in Florida, had used her trademark in opposer's territory. However, the pleaded dates of opposer's uses were all subsequent to the applicant's filing date. Opposer has no registration.

The sole issue is whether the board erred in granting applicant's motion to dismiss the opposition because it failed to state a claim which, if proved, would defeat applicant's right to secure the unrestricted registration applied for. The only question before us is whether opposer's allegations, if true, would establish that applicant is *not* entitled to the registration.

The board's view was that "it must be pleaded by the plaintiff [opposer] that the registration of the mark which it is challenging is inconsistent with an equal or superior right of the plaintiff to the use of the same or a like term in connection with goods or services which are similar" and that "the salient question is whether applicant was the first to use the mark 'TOPKAT' for camping trailers and truck campers in commerce which may lawfully be regulated by Congress." It found that opposer conceded applicant to be the first user. We find that opposer continues to make that concession. A sentence in the concluding paragraph of its brief is:

Opposer's first concurrent lawful use in commerce was on August 13, 1971, * * * which was after, not prior to, the Applicant's filing date June 16, 1971.

Conceding priority of use of what is in contemplation of law an identical mark on identical goods, appellant's only argument is that it has "alleged a common law use of the trademark in the twelve (12) western states that Applicant cannot stop." The board's answer was:

While it may be that opposer possesses superior rights in the mark "TOPKAT" in the several states enumerated by it, these asserted rights may be recognized in the Patent Office only in an appropriate concurrent use proceeding which may properly be instituted only after the filing by opposer of its own application for the registration of its mark on a concurrent use basis.[1]

Opposer is not here asking that applicant's registration be territorially limited but that it be *denied.* Vandenburgh, Trademark Law and Procedure § 10.-34(b) at 407 (2d ed. 1968), citing Aeronautical Electronics, Inc. v. Aerotron Radio Co., 120 USPQ 488, 489 (Com'r.Pats. 1959), says:

The prior user of the mark anywhere in the United States normally is enti-

---

1. Appellant complains of this remark that the board "was apparently not familiar either with the law or the facts of this case" because under the statute, 15 U.S.C. § 1052(d), it cannot institute concurrent use proceedings because it was not using its mark prior to applicant's filing date. We do not think the board was oblivious to the situation. It was simply pointing out that whatever rights opposer may have to use the mark cannot here be adjudicated. In its next sentence the board said: "The present proceeding, on the other hand, is directed solely to applicant's right to a geographically unrestricted registration."

tled to an unlimited registration even though he may be only using in a portion thereof.

In the *Aeronautical Electronics* case Assistant Commissioner Leeds pointed out, in response to a request to restrict a registration territorially in an interference, that

> \* \* \* no authority is found for issuing a restricted registration to an applicant which has established its superior [prior] rights in a mark.

■ We agree with appellee that whatever common law rights opposer may have in its states of use are completely irrelevant here and that the fact that a subsequent user adopts a mark in good faith in a territory where the prior user's mark has not been known or used will not preclude registration of the prior user's mark. Since appellant's rights in the mark are not superior to appellee's right to registration, appellant cannot be legally "damaged," as that term has been construed, by the issuance of a registration to appellee. American Novawood Corp. v. U. S. Plywood-Champion Papers Inc., 426 F.2d 823, 57 CCPA 1276 (1970); 1 J. McCarthy, Trademarks and Unfair Competition § 20.2B (1973). We therefore agree that the opposition notice did not plead facts on which relief could be granted and the board properly granted applicant's motion to dismiss.

The decision of the board is affirmed.

Affirmed.

MILLER, Judge (dissenting).

This appeal involves, as the majority puts it, "what is in contemplation of law an identical mark on identical goods." The issue is whether, *accepting the allegations as true,* appellant-opposer's notice of opposition states a claim on the basis of which the board could have granted relief. If it does, the Board erred in granting appellee-applicant's motion to dismiss the opposition.

Section 13 of the Lanham Act (15 U.S.C. § 1063) provides that any person who believes he would be damaged by the registration of a mark upon the principal register may institute an opposition proceeding. After referring to appellee's application for registration (which recites that she believes herself to be *the* owner of the trademark TOPKAT) and stating its belief that it will be damaged by registration of applicant's mark, appellant's notice of opposition alleges, among other things, that opposer is *the* owner (with "superior and paramount rights") of the trademark TOP KAT for truck campers in twelve states, having adopted and first used said trademark in each of said states in good faith; that applicant has never used her trademark TOPKAT in any of said states; and that contemporaneous use by applicant of her trademark in said states will dilute or impair opposer's trademark rights in said states. Under such circumstances, an unrestricted registration of applicant's mark on the basis of her standing as *the* owner of the mark for purposes of section 1 of the Lanham Act (15 U.S.C. § 1051) supports belief that opposer will be legally damaged,[1] notwithstanding that the dates of opposer's good faith uses in the twelve states were all subsequent to applicant's filing date.[2]

---

1. Section 7(b) (15 U.S.C. § 1057(b)) provides that such registration "shall be prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in commerce . . . subject to any conditions and limitations stated therein." The majority opinion cites American Novawood Corp. v. U. S. Plywood-Champion Papers Inc., 426 F.2d 823, 57 CCPA 1276 (1970), for the proposition that appellant cannot be *legally* damaged since its rights in its mark are not superior to appel-

lee's "right to registration." However, a close reading of the opinion in that case indicates that the decision rested on superior rights derived from a prior *registration.*

2. One purpose of opposition proceedings is to assist the Patent and Trademark Office by calling its attention to facts which might be overlooked during ex parte prosecution of an application. Facts such as those alleged in appellant's notice of opposition might well not otherwise come to the attention of the Office.

*An applicant who is a prior user in commerce does not have an absolute right to an unrestricted registration of its mark*

The position of the majority is that, assuming appellant-opposer's allegations to be true, these will not preclude unrestricted registration of applicant's mark because applicant is the prior user in the United States; that appellant-opposer's common law rights are "completely irrelevant." The majority quotes from the discussion of "Grounds for Obtaining a Concurrent Use Registration" in Vandenburgh, Trademark Law and Procedure § 10.34(b) at 407 (2d ed. 1968):

> The prior user of the mark anywhere in the United States *normally* is entitled to an unlimited registration even though he may be only using in a portion thereof. [Emphasis supplied.]

However, Vandenburgh then says (also at 407):

> To the extent that there is an area or areas in which an adverse use, or uses, exists which the prior user cannot stop, either because he voluntarily relinquished the right or because of the application of the *common law principles*, it would seem to be consistent, that the *prior user's registration should be diminished* only to the extent of carving out such area or areas, as opposed to giving the prior user in such case a registration only covering the limited portion of the United States in which he is using the mark. The first user is entitled to a registration *from which is eliminated* only those areas in which the second user has established substantial rights, or an area that is within the normal field of expansion of the second user's business, except where the applicant only has asked for less, in which case he will be granted only what he requested. *Neither is entitled to a registration for any area in which there is a "lawful" use by another.* A lawful use would be one which could not be stopped by court action. [Emphasis supplied and footnotes omitted.]

The clear implication is that in a concurrent use proceeding, neither of the parties to that proceeding is entitled to a registration for any area in which another has a lawful use under common law. Indeed, this court has stated that, in concurrent use proceedings in which neither party owns a registration, an applicant who is the prior user is only *prima facie* entitled to a registration covering the entire United States. In re Beatrice Foods Co., 429 F.2d 466, 474, 57 CCPA 1302, 1311 (1970).

Apart from concurrent use proceedings, there is ample authority to refute the idea that the Lanham Act clothes an *applicant* for registration with a right which is superior to the common law rights of others. Where neither party holds a registration, a good faith junior user is entitled to injunctive relief against the senior user if the senior user attempts to enter a distant area where the junior user has established common law trademark rights. Sweetarts v. Sunline, Inc., 380 F.2d 923, 154 USPQ 459 (8th Cir. 1967); Gold Master Corp. v. Miller, 380 F.2d 128, 154 USPQ 457 (2d Cir. 1967); Food Fair Stores, Inc. v. Square Deal Market Co., 93 U.S.App. D.C. 7, 206 F.2d 482, 98 USPQ 65 (1953). The Supreme Court has held that a good faith junior user in an area "remote" from the senior user's areas of use could not be enjoined by the senior user from using its mark in the junior user's area. Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713 (1916); United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141 (1918). Although these two cases were decided long before the Lanham Act, the majority has cited nothing in the Act or its legislative history to indicate that the relative rights between parties owning *unregistered* trademarks has been changed. Vandenburgh, supra at 53, states that ownership, for purposes of section 1 of the Lanham Act, is determined on the basis of "common law precepts." And ownership is a prerequisite for the right of registration.

*Commissioner has authority to recognize
an opposer's common law rights*

Section 17 of the Lanham Act (15 U.S.C. § 1067) provides:

> In every case of interference, opposition to registration, application to register as a lawful concurrent user, or application to cancel the registration of a mark, the Commissioner shall give notice to all parties and shall direct a Trademark Trial and Appeal Board to determine and decide the respective rights of registration. . . .

Section 18 of the Act (15 U.S.C. § 1068) provides:

> In such proceedings the Commissioner may refuse to register the opposed mark, may cancel or restrict the registration of a registered mark, or may refuse to register any or all of several interfering marks, or may register the mark or marks for the person or persons entitled thereto, as the rights of the parties under this chapter may be established in the proceedings . . . .

The phrase, "such proceedings," in section 18 obviously refers to proceedings involving the types of cases specified in section 17, namely: interference, *opposition*, concurrent use, and cancellation. Section 18 says that the Commissioner: "may refuse to register the opposed mark" in an opposition proceeding; "may cancel or restrict the registration of a registered mark" in a cancellation proceeding; "may refuse to register any or all of several interfering marks" in an interference; or (presumably in a concurrent use proceeding) "may register the mark or marks for the person or persons entitled thereto." All of the foregoing is to be done "as the rights [of registration] of the parties . . . may be established in the proceedings."

If an opposer shows facts which refute an applicant's claim that applicant is *the* owner of a trademark and that no one else has the right to use the mark in commerce, the Commissioner has clear authority to deny the application for an unrestricted registration. If such opposer shows that he is *the* owner and good faith user of the same trademark for the same goods in certain areas, the first-user applicant, upon being denied an unrestricted registration, can apply "for less"—to use Vandenburgh's expression—that is, for a registration with appropriate "conditions and limitations," as provided by section 7(b). As this court has pointed out, "the Act does intend . . . that registration and use be coincident so far as possible." In re E. I. Du Pont de Nemours & Co., 476 F.2d 1357, 1364, 177 USPQ 563, 569 (CCPA 1973).

Nevertheless, the majority quotes from the board's opinion that opposer's asserted common law rights in the mark in the several states enumerated by it may be "recognized" only in a concurrent use proceeding. The only authority cited by the board for such a statement is Zimmerman v. Holiday Inns of America, Inc., 123 USPQ 86 (TTAB 1959), a cancellation proceeding in which the board held that the petitioner was without standing to challenge the registration because it did not question respondent's ownership of its mark through priority of use in *intrastate* commerce. The board said: "It may be that petitioner possesses superior rights in its mark for an area within a single state which may be recognized and enforced in an appropriate proceeding." The board did not define "appropriate proceeding"; nor did it comment on the authority in section 18 to "cancel or restrict the registration of a registered mark" in a cancellation proceeding.

The majority also quotes from an Assistant Commissioner in a case decided a few months before *Zimmerman*, Aeronautical Electronics, Inc. v. Aerotron Radio Co., 120 USPQ 488 (Com'r Pats.1959), that "no authority is found for issuing a restricted registration to an applicant which has established its superior rights in a mark." That case involved an interference in which both parties had continuously used the mark "AEROTRON" on substantially identical goods—Electronics since 1946 and Radio since 1951. Radio

contended that concurrent registrations should be issued or, alternatively, that "any registration issuing to Electronics should be restricted to the territory in which actual use has been proved." Both contentions were properly denied. Section 18 does not authorize issuance of concurrent registrations in an interference proceeding; and the prior user is not restricted to only those areas of actual use. Vandenburgh, supra. The quoted statement of the Assistant Commissioner went beyond what was needed to decide the case and constitutes pure dictum, unsupported by citation of authority.

### Errors of the board

Instead of conducting the opposition proceeding so that appellant-opposer could establish that appellee-applicant does not have a right to an unrestricted registration as a basis for the Commissioner's exercise of his authority to deny the application in accordance with section 18, the board granted appellee-applicant's motion to dismiss for failure to state a claim. The board said (emphasis supplied):

> [I]t has been consistently held [citing TTAB decisions] that in order to state a claim in an inter partes proceeding of the instant type, it must be pleaded by the plaintiff [opposer] that the registration of the mark which it is challenging is inconsistent with an equal or superior right of the plaintiff to the *use* of the same or a like term in connection with goods or services which

are similar or commercially related to those of the defendant [applicant].[3]

The board declared that the application alleges, in effect, "that no other person has an equal or superior right to that of applicant in respect to applicant's assertion of right of registration for the area comprising the entire United States."[4] It then proceeded to find that "[o]pposer has in its notice of opposition, in effect, conceded applicant's prior rights but maintains that opposer has also accrued registrable rights on a concurrent use basis . . . ." *This was clear error.* Appellant-opposer has pleaded "superior and paramount" rights (through first use in good faith) in "Opposer's states of first use." Moreover, appellant-opposer has made no request for registration because, under the unique circumstances of this case, it cannot meet the requirements for a concurrent use proceeding.[5]

Indeed, the board contradicted itself by saying that "it may be that opposer possesses superior rights in the mark 'TOPKAT' in the several states enumerated by it . . . ." However, it gratuitously stated that such asserted rights "may be recognized in the Patent Office only in an appropriate concurrent use proceeding . . . ." This, too, was *error* in view of the provisions of section 18 which, although in view of section 2(d) they do not empower the Commissioner to issue appellant-opposer a concurrent registration, provide authority for the Commissioner to refuse registration of appellee-applicant's mark for the "entire United States."[6] Moreover, if

---

3. This is what appellant-opposer has done.

4. Allegation by the applicant of "an equal or superior right" could only refer to a common law right. See Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 333–35, 59 S.Ct. 191, 83 L.Ed. 195 (1938). Unlike the person who holds a registration, a mere *applicant* has been granted no substantive rights by the Lanham Act. As this court said in In re Beatrice Foods Co., 429 F.2d 466, 472, 57 CCPA 1302, 1309 (1970): "The owner of a federal registration *now* has the security of knowing that no one else may, *henceforth* legitimately adopt his trademark and create rights in another area of the country superior to his own." (Emphasis supplied.)

5. Appellant's first use, in good faith, occurred after appellee's filing date, and appellant would, therefore, be unable to obtain a concurrent use registration under section 2(d) in the absence of a determination by a court of competent jurisdiction.

6. Such refusal would not prevent application, in subsequent proceedings, of the TTAB's policy to not allow a junior user, with knowledge that there is a prior user, to hasten into an area in anticipation of the prior user. Tie Rack Enterprises, Inc. v. Tie Rak Stores, 168 USPQ 441 (TTAB 1970).

the notice of opposition states a claim which would be sufficient for purposes of a concurrent use proceeding, there is no good reason why it should not be sufficient for appellant-opposer's purpose of having the Commissioner reject an application for an unrestricted registration of appellee-applicant's mark. Such action by the Commissioner would be in line with the dual purpose of the Lanham Act, which this court paraphrased in In re Beatrice Foods Co., supra:

> One is to protect the public so it may be confident that, in purchasing a product bearing a particular trade-mark which it favorably knows, it will get the product it asks for and wants to get. Secondly, where the owner of a trademark has spent energy, time, and money in presenting to the public the product, he is protected in his investment from its misappropriation
> . . . .

H.R.Rep. No. 219, 79th Cong., 1st Sess. 2 (1945); S.Rep. No. 1333, 79th Cong., 2d Sess. 3 (1946), U.S.Code Cong. & Admin. Serv. 1946, p. 1274. Finally, action by the Commissioner could preclude court litigation anticipated by section 33(b)(5) (15 U.S.C. § 1115(b)(5)) in which appellant would have a limited area defense in an action brought by appellee. Burger King of Florida, Inc. v. Hoots, 403 F.2d 904, 159 USPQ 706 (7th Cir. 1968); Mister Donut of America, Inc. v. Mr. Donut, Inc., 418 F.2d 838, 164 USPQ 67 (9th Cir. 1969); Old Dutch Foods, Inc. v. Dan Dee Pretzel & Potato Chip Co., 477 F.2d 150, 177 USPQ 496 (6th Cir. 1973).

In view of the foregoing, I conclude that it was error for the board to dismiss the opposition. The case should be remanded for further proceedings before the board.