ROSSO AND MASTRACCO, INCORPORATED, Appellant,

v.

GIANT FOOD INC., Appellee.

Appeal No. 83–812.
Opposition Nos. 60949–60952.

United States Court of Appeals, Federal Circuit.

Nov. 2, 1983.

Robert G. McMorrow, Washington, D.C., argued for appellant. With him on the brief was Cynthia Clarke Dale, Washington, D.C.

Alan S. Cooper, Washington, D.C., argued for appellee. With him on the brief was William W. Beckett, Washington, D.C.

Before RICH, DAVIS and BALDWIN, Circuit Judges.

RICH, Circuit Judge.

This appeal is from the December 16, 1982, decision of the United States Patent and Trademark Office (PTO) Trademark Trial and Appeal Board (board), 218 USPQ 521, (A) sustaining Giant Food Inc.'s (Giant's) oppositions to Rosso and Mastracco, Incorporated's (RM's) applications for registration in (1) Opposition No. 60,949, to application Serial No. 373,729, filed October 19, 1970, (2) Opposition No. 60,950, to application Serial No. 373,730, filed October 19, 1970, (3) Opposition No. 60,951, to application Serial No. 373,731, filed October 19, 1970, and (4) Opposition No. 60,952, to application Serial No. 373,846, filed October 20, 1970, and (B) dismissing RM's counterclaim in Opposition No. 60,951 for cancellation of Giant's Reg. No. 1,085,784. We affirm.

## OPINION

Familiarity with the factual background of the dispute before us, which is found in the opinion of the board, is presumed and will not be reviewed in detail.

### 1. The Likelihood of Confusion Issue

█ The record before the board showed that Giant adopted its GIANT FOOD mark before RM began using its marks; that Giant owns five federal registrations for several marks containing the term GIANT (only No. 1,085,784 was appended to each of the Notices of Opposition; the other four registrations were introduced by Giant as exhibits in connection with its stipulated testimony); that the parties are competitors; and, that there is evidence of some third-party use of GIANT in the same business. The board opinion states (218 USPQ at 524):

Opposer's stipulated facts establish its entrance into the food service business in 1935 as Giant Food Shopping Center, Inc. which name was changed in 1957 to Giant Food, Inc.; and that it has continuously, since 1936, marketed food and various other products under its "GIANT" mark. Operations were commenced in the District of Columbia but were expanded in 1941 to Virginia and in 1946 to Maryland. The word "GIANT" appears on several hundred products marketed in opposer's stores and is used on shelf talkers, price labels, sales slips, bags, trucks, employee uniforms, packaging, point-of-sale displays and other materials. The marks "GIANT", "GIANT FOOD" and "SUPER GIANT" have been continuously advertised in connection with opposer's stores and products through newspapers, radio, television, trade journals and circulars. More than 90 stores were in operation by opposer in 1970. From 1939 through 1970 more than 32 million dollars were expended for advertising. From 1970 through 1979 another 52 million dollars were added to that figure. Sales receipts were over 400 million dollars in 1970 as compared with 3 million dollars in 1940. As a

result of its extensive use of its marks, the terms "GIANT" and "GIANT FOOD" have become distinctive of opposer's activities in this area.

In light of the above, we agree with the holding of the board that there is a likelihood of confusion and we base our decision on its reasoning. *Cf. Giant Food, Inc. v. Nation's Foodservice, Inc.,* 710 F.2d 1565, 218 USPQ 390 (Fed.Cir.1983), *rev'g* 214 USPQ 641 (TTAB 1982) (GIANT Hamburgers).

We do not agree, however, with the board's conclusion that, "even if [it were conceded] that 'GIANT' is a weak mark," the opposition should be sustained *because* "it is well established that even the owner of a weak mark is entitled to be protected from *damage* due to a likelihood of confusion with another's use of the same or a confusingly similar mark." (Emphasis ours.)

There is no reason to assume that refusing registration to an applicant under 15 U.S.C. § 1052(d) will protect an opposer from "damage" due to likelihood of confusion in the marketplace. It is axiomatic that likelihood of confusion results only from the concurrent *use* of confusingly similar marks, not from their *registration. See In re National Distillers and Chemical Corp.,* 297 F.2d 941, 948, 49 Cust. & Pat. App. 854, 132 USPQ 271, 277 (1962) (Rich, J., concurring) ("The *refusal* of registration * * * does *not* serve to protect the public from confusion because refusal to register has almost no effect on trademark use, which use always precedes application to register, continues during the prosecution of the application, and usually goes on after registration is finally refused, unless something other than that refusal intervenes to stop such use." [Emphasis in the original.] ). Nor was it necessary for the board to note that because it held confusion to be likely, "registration to applicant would be damaging to opposer."

■ Accuracy aside, the danger in making statements such as the board made is that it may be perceived that some form of "damage" must be proved in order to prevail in an opposition or cancellation proceeding, and that is not the law. *E.g., Selva & Sons, Inc. v. Nina Footwear, Inc.,* 705 F.2d 1316, 1324–26, 217 USPQ 641, 647–48 (Fed.Cir.1983) (cases cited). The determinative issue, inquiry into which leads to one of only two possible results, is the right to register (or the right to maintain a registration).

Further, "damage" from registration is mentioned in sections 13 and 14 of the Lanham Act, 15 U.S.C. §§ 1063 and 1064, only in connection with standing, and the similar language of those sections has been held to require only that the opposer or cancellation petitioner plead and prove facts showing a "real interest" in the proceeding. *Nina Footwear, supra.* Actual damage from registration is relevant to that determination, of course, but it is not requisite. Absent actual damage from an existing registration, *e.g., Plastilite Corp. v. Kassnar Imports,* 508 F.2d 824, 826, 184 USPQ 348, 350 (CCPA 1975) (destruction of goods by U.S. Customs), normally it is only after standing has been demonstrated that any potential damage from an existing registration may be apparent. See Duft, *Opposition to Federal Registration of Trademarks: The Meaning of "Damage",* 64 J.Pat.Off.Soc'y 220, 233–34 (1982). *Cf. Nina Footwear,* supra 705 F.2d at 1325 n. 6, 217 USPQ at 648 n. 6.

## 2. The Fraud Issue

RM's counterclaim for cancellation of Giant's registration No. 1,085,784 is based on allegations of fraud in that, despite Giant's agreement not to use its marks in a limited geographical area, Giant sought an unrestricted nationwide federal registration. We agree with the board that under the facts here Giant committed no fraud.

■ RM bases its claim of fraud on the ground that Giant had a duty, which it failed to carry out, to continuously review and amend the oath filed with its application for the registration sought to be cancelled. We do not doubt that an applicant has that duty. That oath requires that an

applicant aver that "no other person, firm, corporation, or association, to the best of his knowledge and belief, has the right to use such mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when applied to the goods of such other person, to cause confusion, or to cause mistake, or to deceive," 15 U.S.C. § 1051(a)(1) (1976); 37 CFR 2.33(b) (1982). The statute does not, however, obligate "one seeking federal registration of a mark to investigate and report all other possible users of an identical or confusingly similar mark." *The Money Store v. Harriscorp. Finance, Inc.*, 689 F.2d 666, 670, 216 USPQ 11, 15 (7th Cir.1982). Similarly, in *Citibank N.A. v. Citibanc Group, Inc.*, 215 USPQ 884, 901 (N. D.Ala.1982) the court held that "the failure to reveal junior users is not fraudulent." We agree that a senior user ordinarily need not identify junior users in the oath.

 On the other hand, the oath in an application for registration must be truthful. Thus, in some instances a senior user would be making a false oath where he fails to acknowledge conflicting rights of a junior user which are clearly established, for example, by a court decree, by the terms of a settlement agreement, or by a registration. However, the rights of a junior user must be clearly established and must be in an identical mark or one so similar as to be clearly likely to cause confusion.

 While in this case there is a settlement agreement, the agreement is not one in which the parties acknowledged that use of the respective marks would be likely to cause confusion. The parties agreed to a division of trade territory regardless of confusion. Indeed, RM defended the oppositions on the ground of *no* likelihood of confusion and itself sought unrestricted registrations. Since the issue of likelihood of confusion was not a clear and simple one, and was not resolved until this decision, we cannot on this record say that the oath was knowingly false. We hold that there was no fraud in Giant's application on which the subject registration issued.

As a final matter, we reiterate: "Such common-law rights cannot be used as a basis for the denial of a nationwide registration to appellant except by way of a concurrent use proceeding." *American Security Bank v. American Security and Trust Co.*, 571 F.2d 564, 568, 197 USPQ 65, 67 (CCPA 1978); *Hollowform, Inc. v. Delma AEH*, 515 F.2d 1174, 1176, 185 USPQ 790, 791 (CCPA 1975). The record shows that Giant's first use in commerce is senior to RM's first use, although RM's first use is prior to Giant's application filing date. Thus, as noted by the board here, and as presaged in several CCPA opinions, Giant's registration may be restricted, if at all, only by way of a decision in a concurrent use proceeding under 15 U.S.C. § 1052(d). *E.g., Selfway, Inc. v. Travelers Petroleum, Inc.*, 579 F.2d 75, 198 USPQ 271 (CCPA 1978); *Giant Food, Inc. v. Malone & Hyde, Inc.*, 522 F.2d 1386, 187 USPQ 374 (CCPA 1975).

The decision of the board is *affirmed*. AFFIRMED.