THIS OPINION IS CITABLE
AS PRECEDENT OF
THE T.T.A.B.

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Trademark Trial and Appeal Board
2900 Crystal Drive
Arlington, Virginia 22202-3513

HRW

MAILED

JUN 5 1998

PAT. & TM. OFFICE

Opposition No. 93,830

Vaughn Russell Candy Co.
and Toymax Inc.

v.

Cookies In Bloom, Inc.

Before Seeherman, Quinn and Wendel, Administrative Trademark
Judges.

By the Board:

Opposers, on February 17, 1994, filed an opposition to
the registration sought by applicant for the mark COOKIES IN
BLOOM "INCREDIBLE EDIBLE COOKIE ARRANGEMENTS" and Design for
decorated cookies,[1] alleging, inter alia, ownership by
Vaughn Russell Candy Co. of a registration for the mark
INCREDIBLE EDIBLES for confections,[2] use by its licensee
Toymax, Inc. of the mark in connection with toys for making
candy, confections, and the like,[3] and the likelihood of

---

[1] S.N. 74/237,696, filed January 13, 1992, claiming first use
dates of October 1, 1991. The word "COOKIES" has been
disclaimed.

[2] Registration No. 1,036,335, issued March 23, 1976, first
renewal March 7, 1996.

[3] In opposers' amended notice of opposition, ownership is also
alleged by Vaughn Russell of Registration No. 1,986,459, issued
July 16, 1996, for the mark INCREDIBLE EDIBLES for toys for

confusion with the contemporaneous use of the respective marks on the related goods.

As a result of settlement negotiations between the parties, applicant filed a proposed amendment to the drawing of its mark, whereby the phrase "INCREDIBLE EDIBLE COOKIE ARRANGEMENTS" would be deleted. The Board denied this amendment, on the basis that the amendment would constitute a material alteration of the drawing, and thus was prohibited by Trademark Rule 2.72(a). The Board also noted that, although the present opposers had consented to the amendment, the opposers in two copending oppositions against this same application had not given their consent, as required by Trademark Rule 2.133(a).[4]

Opposers then filed, on April 14, 1997, a motion for summary judgment, on the basis of the settlement agreement between the parties which had been in effect since October 6, 1995. Opposers argued that since under the agreement, applicant had agreed to discontinue all use of the phrase "Incredible Edible Cookie Arrangements" as of December 1, 1996, applicant could no longer lawfully use the mark for which registration was sought. Opposers concurrently sought

---

making food, namely, toy ovens, toy cooking molds and molding tray handlers used with toy ovens, toy spoons/picks, toy cooling trays, toy food molding kits and accessories therefor, comprising toy ovens, molds, molding tray handlers, spoons/picks, cooling trays and mixtures for making candy and confections and the like.

[4] Opposition Nos. 93,828 and 93,829.

to conform the notice of opposition to this new evidence under the provisions of FRCP 15(b).

The Board, in its order of November 6, 1997, denied opposers' motion, on the basis that summary judgment could not be granted on an unpleaded ground. Opposers' attempt to amend the pleadings under the provisions of FRCP 15(b) was found to be inappropriate, since there had not yet been a trial. Thus, opposers were allowed time to file a motion under FRCP 15(a) to amend the notice of opposition to set forth any new grounds raised by this new evidence[5] and to renew their motion for summary judgment, if desired.

Opposers, on December 10, 1997, filed a motion under FRCP 15(a) for leave to amend the notice of opposition to assert two additional claims, namely, abandonment and applicant's inability to lawfully use in commerce the mark for which registration is sought, in view of the settlement agreement which at that time had been effective for a year.

Opposers concurrently renewed their motion for summary judgment on these newly asserted claims. Opposers again rely upon the settlement agreement, a copy of which has been attached as an exhibit to the amended notice of opposition.

By the main provisions of this agreement, applicant agreed to file an amendment to its application to delete the words "INCREDIBLE EDIBLE COOKIE ARRANGEMENTS" from the mark;

---

[5] While the Board specifically suggested the ground of abandonment, opposers were not bound to assert only this ground.

3

opposers agreed to withdraw the opposition upon approval of the amendment, but if not permitted, opposers had the option of going forward with the opposition; and applicant agreed to discontinue all use of the words "Incredible Edible Cookie Arrangements" by December 1, 1996. The only contingency noted in this agreement was that if the mark INCREDIBLE EDIBLES were found "in a final unreversed judgment binding upon Opposer" to have become so used by third parties as to be incapable of trademark significance, applicant would be free to use the mark in connection with decorated cookies.

Opposers argue that since applicant contractually affirmed its intent to discontinue use by December 1, 1996 of the mark which is the subject of the opposed application, applicant has abandoned its mark, in accordance with the definition of "abandonment" set forth in 15 USC 1127. Similarly, opposers argue that since applicant is contractually constrained from using the phrase "Incredible Edible Cookie Arrangements," applicant cannot lawfully use in commerce the mark for which registration is sought and thus cannot obtain such a registration.

Applicant, in response, argues that evidence of actual marketplace abandonment should be required to prove abandonment, not simply a nonuse agreement between the parties. Applicant contends that genuine issues remain as

4

to applicant's intent to resume use of the mark, pointing to the fact that the parties are always free to re-negotiate the agreement and thus use may be resumed, and to the contingency actually set forth in the agreement whereby applicant becomes free to use the phrase if opposers' mark loses its trademark significance.

Insofar as unlawful use is involved, applicant argues that this is not a situation similar to any of those in the cases cited by opposers, wherein the marks were being used with goods which were illegal or in violation of regulations, or the marks were being used in violation of regulatory laws. Instead, applicant contends, here there is only an agreement between the parties, which has not been adjudged enforceable, and even if it were enforceable, applicant would not be guilty of an illegal or unlawful act by breaching the contract.

Looking first to the motion to amend, we find that opposers have provided sufficient basis for amending the notice of opposition to set forth the additional claims, which clearly did not arise until the settlement agreement had been executed. Accordingly, and since applicant has raised no specific objections to the motion, opposers' motion to amend is granted and the amended notice of opposition is accepted and made of record. FRCP 15(a). As

5

a result, the renewed motion for summary judgment may now be taken under consideration on its merits.

In a motion for summary judgment, the moving party has the burden of establishing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law.  FRCP 56(c).  All doubts as to whether any particular factual issues are genuinely in dispute must be resolved against the moving party and all inferences to be drawn from the undisputed facts must be viewed in the light most favorable to the nonmoving party.  See Olde Tyme Foods Inc. v. Roundy's Inc., 961 F.2d 200, 22 USPQ2d 1542 (Fed. Cir. 1992).

In the present case, we find that opposers have fully established that no genuine issues of material fact exist with respect to their claim that applicant cannot lawfully use in commerce the mark COOKIES IN BLOOM "INCREDIBLE EDIBLE COOKIE ARRANGEMENTS" and Design and thus is not entitled to obtain a registration for this mark.  Applicant has entered into a settlement agreement whereby it is prohibited from using the "INCREDIBLE EDIBLE COOKIE ARRANGEMENTS" portion of its mark and has in fact discontinued use of that portion of the mark.  While applicant may argue that it has the option of breaching this contract, it cannot maintain that it is entitled, after entering into the settlement agreement, to use the mark for which registration is sought.

6

A situation similar to the present circumstances arose in In re Sun Refining and Marketing Co., 23 USPQ2d 1072 (TTAB 1991). In that case, the applicant, after oppositions had been filed against its two applications for registration of its mark ULTRA, entered into a settlement agreement whereby applicant was precluded from using its mark in certain geographic areas of the United States. After dismissal of the oppositions, applicant amended the declaration in its two applications to set forth this restriction on its use, but did not amend the applications to convert them to concurrent use applications covering only the geographic area in which applicant was entitled, under the agreement, to use the mark. The Examining Attorney refused registration on the ground that the amended declaration did not include an unqualified averment as to exclusive ownership as required by the Act. In this regard, the Examining Attorney maintained that applicant was not entitled to the geographically unrestricted registrations which it sought, in view of the settlement agreement and the resultant rights of another, which applicant had acknowledged in its amended declaration.

The Board affirmed the refusals of registration, noting the obligation of the applicant to acknowledge the conflicting rights of another which were established by the settlement agreement. The Board pointed out that, as a

7

result of the rights of the other party, applicant was no longer entitled to the presumption which arises under Section 7(b) that the issuance of a certificate of registration shall be prima facie evidence of the registrant's exclusive right to use the registered mark in commerce in connection with the specified goods. In re Sun Refining and Marketing Co., supra at 1074. See also Rosso and Mastracco, Inc. v. Giant Foods Inc., 720 F.2d 1263, 219 USPQ 1050 (Fed. Cir. 1983).

Here the limitation on applicant's use is of much greater scope, applicant being precluded by the terms of the settlement agreement from making any use whatsoever of a portion of its mark. Thus, applicant clearly cannot assert the exclusive right to use in commerce the mark for which registration is sought.[6]

Accordingly, opposers' motion for summary judgment is granted on this ground.[7] We find no need to consider the merits of the alternative ground of abandonment, based on cessation of use with no intent to resume.

---

[6] While it does not lie within the jurisdiction of the Board to enforce the contract between the parties, agreements to cease use of a mark or to not use a mark in a certain format are routinely upheld and enforced. See 2 J. T. McCarthy, McCarthy on Trademarks and Unfair Competition, § 18:82 (4th Ed. 1997).

[7] We find that opposers' standing has been adequately established by the introduction of the settlement agreement, which provides evidence of opposers' real interest in this proceeding. See Jewelers Vigilance Committee inc. v. Ullenberg Corp., 823 F.2d 490, 2 USPQ2d 2021 (Fed. Cir. 1987).

The opposition is sustained and registration is refused to applicant.

E.J. Seeherman

T. J. Quinn

H. R. Wendel
Administrative Trademark Judges,
Trademark Trial and Appeal Board