**THURON INDUSTRIES, INC.,**
**Appellant,**

v.

**The CONARD–PYLE COMPANY,**
**Appellee (two cases).**

**Appeal Nos. 78–521, 78–522.**

United States Court of Customs and Patent Appeals.

June 30, 1978.

---

22. See notes 9 and 14.

James L. Kurtz, Washington, D. C., attorney of record, for appellant.

Robert S. Swecker, Brian J. Leitten, Burns, Doane, Swecker & Mathis, Alexandria, Va., attorneys of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This is an appeal from the decision of the Patent and Trademark Office ("PTO") Trademark Trial and Appeal Board ("board") dismissing appellant's petitions[1] to cancel two trademark registrations of appellee. The board dismissed the petitions to cancel, which were based upon allegations of fraud in obtaining the registrations, on the ground that the subject matter of the petitions should have been asserted in a compulsory counterclaim in a prior opposition between the parties based upon likelihood of confusion of the marks. We reverse and remand.

## Background

### The Previous Opposition Proceeding

In August 1970, Thuron Industries, Inc. ("Thuron") filed an application to register the mark STARBAR,[2] which application was published for opposition in June 1972. During July 1972, Conard-Pyle Co. ("Conard-Pyle") filed an opposition[3] to Thuron's application, alleging likelihood of confusion with its marks, STAR and STAR ROSE. Thuron's answer contained no counterclaim. In April 1974, the board dismissed the opposition finding no likelihood of confusion. Conard-Pyle subsequently brought an action against Thuron in the United States District Court for the Northern District of Texas alleging trademark infringement and seeking review of the board's decision dismissing Conard-Pyle's opposition. Although that case has been fully tried on the merits, no final judgment has been entered.

### The Present Cancellation Proceedings

On September 25, 1975, Thuron filed the instant proceedings seeking to cancel Conard-Pyle's registrations for STAR and STAR ROSE, alleging that Conard-Pyle had obtained these registrations by practicing fraud upon the PTO. On November 12, 1975, Conard-Pyle filed motions to dismiss on the ground that Thuron failed to set

1. Cancellation No. 11,046, corresponding to appeal No. 78–521, seeks to cancel appellee's registration No. 899,445, for STAR for use on various enumerated plants. Cancellation No. 11,047, corresponding to appeal No. 78–522, seeks to cancel appellee's registration No. 903,-312, for STAR ROSE for insecticide-fungicide, plant nutrient, soil food, and fertilizer for use on roses. The board issued identical opinions in each of these cancellation proceedings; hence, the appeals before this court were consolidated.

2. Serial No. 361,960 for STARBAR together with the design of a star and a bar for insecticides, rodenticides, wetting agents, veterinary medications, and insecticide applicators.

3. Opposition No. 53,221.

forth a cause of action. The board agreed that Thuron's petitions to cancel failed to state a claim upon which relief could be granted. Acting sua sponte, the board in its order of August 9, 1976, to show cause also raised the question whether the petitions to cancel should be dismissed because the subject matter thereof was not asserted in the prior opposition proceeding:

> However, a more fundamental question exists in relation to this petition for cancellation. That is, since the parties have been and still are engaged in litigation concerning these very marks, it appears in light of Rule 13(a) FRCP that this petition should have been asserted as a compulsory counterclaim therein.
>
> Accordingly, petitioner [Thuron] is . . . [ordered] to show cause why respondent's [Conard-Pyle] motion to dismiss should not be granted on the ground that petitioner failed to assert its grounds for cancellation as a compulsory counterclaim in prior Opposition No. 53,221.

### The Opinions of the Board

The board, relying upon three of its prior decisions,[4] dismissed the petitions on the ground that the subject matter thereof should have been raised as a compulsory counterclaim in the prior proceeding, saying:

> The Board considers it mandatory that a party assert as a counterclaim any claim which, at the time of the serving of its pleading, said party may have against the adverse party, provided that the counterclaim arises out of the subject matter of the transaction or occurrence which is the subject matter of the other party's claim. . . .

Since the fraud alleged in the instant petition for cancellation is claimed to have arisen from circumstances occurring during the filing of the application from which respondent's [Conard-Pyle's] registration issued, the grounds asserted in support of this petition were available to and should have been raised by petitioner as a counterclaim in the prior opposition.

On reconsideration, the board adhered to its previous position and added:

> In the previous opposition, respondent [Conard-Pyle] was seeking to prevent petitioner [Thuron] from receiving a registration of its mark. It was incumbent upon petitioner as applicant therein to assert against respondent as opposer therein any claims which might have served to defeat the opposer's [Conard-Pyle's] challenge to its right of registration. This of necessity, includes any grounds for cancellation of the registrations asserted against it.

### OPINION

Fed.R.Civ.P. 13(a)[5] is apparently the basis of the board's action.[6] However, we are persuaded that the board's reliance on this rule is misplaced.

4. *Delta Tire Corp. v. Sports Car Club of America, Inc.*, 185 USPQ 443 (TTAB 1975); *Textron, Inc. v. Gillette Co.*, 180 USPQ 152 (TTAB 1973); *Outdoor Sports Industries, Inc. v. Joseph & Feiss Co.*, 177 USPQ 535 (TTAB), *petition denied*, 177 USPQ 533 (Comm'r Pat. 1973); *accord, Endo Laboratories, Inc. v. Fredericks*, 197 USPQ 560 (TTAB 1977); *Scovill Mfg. Co. v. Stocko Metallwarenfabriken Henkels und Sohn KG*, 188 USPQ 24 (TTAB 1975); *Kajita v. Walter Kidde & Co.*, 185 USPQ 436 (TTAB 1975).

5. Fed.R.Civ.P. 13(a) states:
   **Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudica-

tion the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

6. Although none of its opinions relies upon Rule 13(a), the board's August 9, 1976, order to show cause, quoted *supra*, indicates that its reasoning was premised on Rule 13(a). Moreover, the cases relied upon by the board, *supra* note 4, are based on Rule 13(a).

■ The PTO rules of practice provide that in all inter partes proceedings, the Federal Rules of Civil Procedure govern where specific rules do not provide otherwise. Thus, 37 CFR 2.116(a) provides:

Except as otherwise provided, and wherever applicable and appropriate, procedure and practice in inter partes proceedings shall be governed by the Federal Rules of Civil Procedure.

And 37 CFR 2.106(b) provides, in pertinent part, with respect to answers filed in an opposition proceeding: [7]

An answer may contain any defense, and it may also contain a request for affirmative relief by way of cancellation of a registration pleaded in the opposition; but no defense attacking the validity of such registration may be otherwise raised in the proceeding.

The meaning of this rule is clear: a counterclaim to cancel a pleaded registration *may, but need not*, be asserted in the answer in an opposition proceeding. The rule does not use mandatory words such as "shall" or "must"; the language of the rule is permissive: an "answer . . . *may* also contain."

We also note that the language of 37 CFR 2.106(b) is similar to that of Fed.R. Civ.P. 13(b), which deals with permissive counterclaims:

**Permissive Counterclaims.** A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

There is no basis for suggesting that use of the word "may" in 37 CFR 2.106(b) was intended to have any other meaning than it has in Fed.R.Civ.P. 13(b), namely: that such counterclaims are permissive.

Moreover, reading 37 CFR 2.106(b) in light of the counterclaiming practice in the PTO further indicates that the plain meaning of the rule is to allow a permissive counterclaim to cancel the opposer's mark. At one time no counterclaims in opposition or cancellation proceedings were allowed. *Visible Index Corp. v. Visual Records Corp.*, 59 USPQ 278 (Comm'r Pat. 1943). In *Lantz Bros. Baking Co. v. Whipple Co.*, 63 USPQ 13 (Comm'r Pat. 1944), the Commissioner, noting that subsequent to *Visible Index* the Patent Office had adopted rules making the "new Rules of Civil Procedure" applicable "except as otherwise provided" and that the Patent Office rules do not prohibit the use of counterclaims, stated that "Rule 13 strongly indicates that they should be permitted." [8] After adoption of 37 CFR 2.106(b) and prior to *Outdoor Sports Industries, Inc. v. Joseph & Feiss Co., supra*, there were no compulsory counterclaims. The board in *Jenkins Publishing Co. v. Metalworking Publishing Co.*, 139 USPQ 346, 347 (TTAB 1963), stated:

It has been established, however, that there is no such thing as a compulsory counterclaim in a Patent Office proceeding, and therefore the failure to bring such a counterclaim cannot act as a bar to the proceeding now before the board.

*Accord, R. H. Macy & Co. v. Richter & Phillips Co.*, 115 USPQ 342, 345 (Examiner in Chief 1957).

■ In *Outdoor Sports*, its first decision requiring compulsory counterclaims, the board stated *supra* at 536:

Trademark Rules 2.106(b) and 2.114(b) provide that a registration pleaded in an opposition or in a petition to cancel may be attacked only by way of a counterclaim for cancelation thereof. However, there is no mention in the trademark rules concerning compulsory counterclaims. Accordingly, pursuant to Trademark Rule 2.117(a), one must look to the Federal rules for enlightenment on this point. Rule 13(a) FRCP provides in this regard that a pleading shall state as a counterclaim any claim which at the time

---

7. A similar rule pertaining to cancellation proceedings is contained in 37 CFR 2.114(b).

8. Such counterclaims, prior to the adoption of an explicit rule, were difficult to plead. *See*

*Coca-Cola Co. v. Rodriguez Flavoring Syrups, Inc.*, 89 USPQ 36 (Examiner in Chief 1951); *Brown & Bigelow v. International Silver Co.*, 86 USPQ 460 (Comm'r Pat. 1950).

of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.

However, although under 37 CFR 2.116(a) the board is to look to the Federal Rules of Civil Procedure to fill a *void* in its own rules, it does not have authority to do so where there is no void. 15 U.S.C. § 1123. This is where the board erred in *Outdoor Sports* and its progeny. Like any government agency, the PTO is bound by, and may not ignore, its own rules. *See, e. g., Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); *Borough of Lansdale v. FPC*, 161 U.S.App.D.C. 185, 494 F.2d 1104, 1113 (1974).

■ With regard to its application of Fed.R.Civ.P. 13(a) to bar the present cancellation proceeding because it was not asserted in the prior opposition, the board failed to demonstrate how the facts of this case meet the test of that rule: that the counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." As stated in *R. H. Macy & Co. v. Richter & Phillips Co., supra* at 345:

> It may be added that the language of Rule 13(a) may not even require such counterclaims to be considered compulsory. This paragraph refers to a claim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's (the plaintiff's) claim." The transaction or occurrence that is the subject matter of an opposer's or petitioner's claim in these proceedings is the attempt to register or the securing

of a registration by the respondent; the previous securing of a registration by the opposer or petitioner obviously did not arise out of this transaction or occurrence.

The conclusion that *any* claim available at the time of the pleading is a compulsory counterclaim is clearly unsupportable.[9]

■ Moreover, even if 37 CFR 2.106(b) did not exist, before determining that a counterclaim is compulsory under Fed.R. Civ.P. 13(a), the board, like the federal courts, must consider the issues involved, the proof required on those issues, the prejudice upon either party that would result from application of the rule, the effect such application would have upon the scope of discovery and the trial proceedings, and the desire for administrative economy.[10] *See* C. Wright and A. Miller, *Federal Practice and Procedure: Civil* §§ 1409–10 (1971).

In view of the foregoing, we hold that the board erred in applying Fed.R.Civ.P. 13(a).

The decision of the board is *reversed*, and the case is *remanded* for consideration of the cancellation proceeding on the merits.

*REVERSED and REMANDED.*

---

9. Such language appears in the board's opinion of *Kajita v. Walter Kidde Co., supra* at 437:
   That is to say, it is mandatory that a party assert all claims, whether defensive or otherwise, which, at the time of the serving of his pleading he may have against the adverse party.

10. It should be noted that under the view of a majority of this court in *Selfway, Inc. v. Travelers Petroleum, Inc.*, 579 F.2d 75, —— USPQ —— (Cust. & Pat.App. 1978), and *Hollowform, Inc. v. Delma AEH*, 515 F.2d 1174, 185 USPQ 790 (Cust. & Pat.App. 1975), a compulsory counterclaiming rule would have serious consequences on proceedings before the board. Thus, if it is desired to preserve the option of obtaining a registration covering a limited territory, an opposer (*Hollowform*) or a junior user-registrant in a cancellation proceeding (*Selfway*) would have to also file a concurrent use application if there is a possibility that the other party might have use rights. Adding to this a compulsory counterclaim rule would mean that parties would be in jeopardy of forever losing their registration rights in a mark by failing to counterclaim all *possible* defenses and affirmative relief.