THIS ORDER IS A PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500

DUNN

Mailed: December 20, 2017

Opposition No. 91218826 (parent)
Cancellation No. 92065923
Cancellation No. 92065924

*Jive Software, Inc.*

*v.*

*Jive Communications, Inc.*

Cancellation No. 92066090
Cancellation No. 92066091

*Jive Communications, Inc.*

*v.*

*Jive Software, Inc.*

Before Mermelstein, Masiello, and Goodman, Administrative Trademark Judges.

By the Board:

These cases come up on the following motions filed by Jive Software, Inc. (hereafter, Opposer) and Jive Communications, Inc. (hereafter, Applicant):

i.  Applicant's motion to consolidate filed May 11, 2017 in Opposition No. 91218826;[1]

ii. Applicant's motion to add counterclaims filed May 12, 2017 in Opposition No. 91218826;

---

[1] As is evident from the caption, this motion has been granted and is discussed *infra.*

iii. Opposer's motion to dismiss filed May 23, 2017 in Cancellation Nos. 92066090 and 92066091; and

iv. Opposer's motion to dismiss filed June 12, 2017 in Cancellation No. 92065923.

The proceedings listed in the caption of this order involve Opposer's and Applicant's trademark applications and registrations for JIVE-formative marks for various telecommunications-related goods and services.[2]

RELEVANT CHRONOLOGY

On October 14, 2014, Opposer filed a notice of opposition against Applicant's application to register the mark JIVE CLOUD for telecommunication services, pleading likelihood of confusion with Opposer's pleaded marks JIVE[3], JIVE GENIUS[4], and JIVE PRESENT[5] for software and services, all of which are asserted to be in use. On November 5, 2014, Applicant filed its answer which denied the salient allegations of the notice of opposition, pleaded various affirmative defenses, including ownership of three registrations for marks consisting of or including JIVE for the same services listed in the opposed application, and asserted priority of use.

On December 17, 2014, Opposer filed the parties' stipulation to suspend proceedings to allow settlement discussions. On February 20, 2015, Opposer filed the first of 11 consecutive consented motions to extend the close of discovery and trial dates to

---

[2] Opposer's registrations have either been pleaded in the cases in which Opposer is plaintiff or are the subject of Applicant's counterclaim or petitions to cancel, which, as discussed *infra*, are being treated as counterclaims.
[3] Registration Nos. 2615145 and 4369079 issued September 3, 2002 and July 16 2013, respectively.
[4] Registration No. 4064830 issued November 29, 2011.
[5] Registration No. 4614381 issued September 30, 2014.

allow the parties to pursue settlement. On March 9, 2017, Opposer filed the last consented motion to extend for settlement (subsequently approved by the Board), specifying that the parties met in February 2017, that Opposer was considering the last settlement proposal by Applicant following that meeting, and that the parties anticipated resolution of the proceeding within 60 days.

Negotiations apparently were unsuccessful and, within only a few weeks, the parties filed, between them, four new petitions for cancellation of one another's registered marks on the basis of priority and likelihood of confusion. More specifically, Opposer filed Cancellation No. 92065923 to cancel Applicant's Registration No. 4127268 (JIVE COMMUNICATIONS) and Cancellation No. 92065924 to cancel Applicant's Registration No. 4127269 (JIVE), and Applicant filed Cancellation No. 92066090 to cancel Opposer's Registration No. 4614381 (JIVE PRESENT) and Cancellation No. 92066091 to cancel Opposer's Registration No. 4369079 (JIVE).[6]

Once the new cancellation proceedings were instituted, Applicant filed a motion in the opposition proceeding to consolidate all proceedings. Applicant also sought to amend its answer in the opposition to add a counterclaim for cancellation of Opposer's Registration No. 4064830 (JIVE GENIUS) and amended its answer in Cancellation No. 92065923 as a matter of course under Fed. R. Civ. P. 15 to add a counterclaim for

---

[6] No claims are pending against Opposer's Registration No. 2615145 (JIVE) or Applicant's Registration No. 4085550 (GETJIVE). Because Opposer's Registration No. 2615145 issued more than five years prior to the filing of the notice of opposition, it is not subject to cancellation on the ground of likelihood of confusion. *See* Trademark Act § 14(3), 15 U.S.C. § 1064.

cancellation of Opposer's Registration Nos. 4614381 (JIVE PRESENT) and 4369079 (JIVE).[7]

Opposer responded by contesting the motion to amend the answer in the opposition as untimely; filing a motion to dismiss the claims in Cancellation No. 92065923 as untimely compulsory counterclaims which should have been raised earlier in the context of the opposition; and filing a motion to dismiss the two cancellation proceedings against it (Cancellation Nos. 92066090 and 92066091), also as untimely compulsory counterclaims.

The opposition and four cancellation proceedings have been suspended pending the Board's disposition of the pending motions.

LEGAL STANDARD

The dispute centers on the relevant legal standard: whether, as Applicant contends, an answer may be amended to add an omitted counterclaim "when justice so requires," or, as Opposer contends, the Board's rule requires that a compulsory counterclaim be pleaded in the original answer, in this case the answer to the opposition, failing which assertion of the counterclaim is forever barred, unless based on newly discovered grounds.

---

[7] To be clear, these registrations (Opposer's Registration Nos. 4614381 and 4369079) were already the subject of Cancellation Nos. 92066090 and 92066091 and are duplicative inasmuch as a petition to cancel is effectively a compulsory counterclaim. *Prosper Bus. Dev. Corp. v. Int'l Bus. Machs., Corp.*, 113 USPQ2d 1148, 1149 (TTAB 2014).

A defense attacking the validity of a registration pleaded in an opposition is a compulsory counterclaim if grounds for the counterclaim exist at the time when the answer is filed or are learned during the course of the opposition proceeding. *See* Trademark Rule 2.106(b)(3)(i), 37 C.F.R. § 2.106(b)(3)(i).[8] But neither the wording of the compulsory counterclaim rules nor the purposes behind their adoption dictate a finding that a compulsory counterclaim is barred absolutely unless raised in the original answer. Trademark Rule 2.106(b)(3)(i) provides that "[i]f grounds for a counterclaim are known to the applicant when the answer to the opposition is filed, the counterclaim shall be pleaded with or as part of the answer. If grounds for a counterclaim are learned during the course of the opposition proceeding, the counterclaim shall be pleaded promptly after the grounds therefor are learned." The use of "shall" in the rule makes the counterclaim compulsory in the proceeding in which the subject registration has been pleaded. *Cf. Thuron Indus., Inc. v. Conard-Pyle Co.*, 579 F.2d 633, 198 USPQ 403, 406 (CCPA 1978) (prior to promulgation of the compulsory counterclaim rule, the court of appeals held: "There is no basis for suggesting that use of the word 'may' in 37 C.F.R. 2.106(b) was intended to have any other meaning than it has in Fed. R. Civ. P. 13(b) [which defines permissive counterclaims], namely: that such counterclaims are permissive…. It has been established, however, that there is no such thing as a compulsory counterclaim in a Patent Office proceeding, and therefore the failure to bring such a counterclaim cannot act as a bar to the proceeding now

---

[8] Trademark Rule 2.114(b)(3)(i), 37 C.F.R. § 2.114(b)(3)(i), the counterpart for compulsory counterclaims in cancellation proceedings, has the same requirement for bringing counterclaims and equivalent language.

before the board.") (*quoting Jenkins Publishing Co. v. Metalworking Publishing Co.*, 139 USPQ 346, 347 (TTAB 1963)).

The Trademark Rules of Practice were amended in 1981 to provide for compulsory counterclaims in oppositions and cancellations and thereby "avoid piecemeal litigation of a multiplicity of actions and counteractions relating to a single conflict or controversy." Trademark Opposition and Cancellation Proceedings: Compulsory Counterclaims, Final Rule, 46 Fed. Reg. 6934, 6935 (Jan. 22, 1981) ("Final Rule"). The Final Rule focused on the utility of raising the counterclaim in the proceeding in which the subject registration was pleaded:

> The effect of amended §§ 2.106(b) and 2.114(b) is simply to require the timely assertion of a claim, if one exists, under sections 14 (c), (d), and (e) of the Trademark Act. If a plaintiff's registration is invalid, it is to the benefit of the public as well as to the defendant to have it promptly removed from the register, and it is to the advantage of the parties and the board to have the issue litigated in one case rather than in a protracted series of cases.

*Id.* at 6936. Plainly, a defendant may not "reserve" a counterclaim for a new proceeding involving the pleaded registration if defendant is not successful in the first proceeding involving that registration. The counterclaim is compulsory in the proceeding in which the registration has been pleaded, even if the defendant learns of the grounds after its answer has been filed.

With respect to the requirement that a compulsory counterclaim shall be pleaded when the answer is filed, the Final Rule's explanation must be read in connection with the acknowledgement that perfection in pleadings is neither expected nor required. The Final Rule states:

> [a] distinction is made in amended §§ 2.106(b)(2)(i) and 2.114(b)(2)(i) between the time when a cause of action giving rise to a counterclaim must have matured for a counterclaim to be compulsory and the time when the counterclaim [must] be pleaded. The cause of action must have matured by the date of filing of the answer to the notice of opposition or petition for cancellation in order for the counterclaim to be compulsory in that proceeding.
>
> …
>
> [T]he defendant will usually know the grounds, or at least have knowledge upon which a counterclaim could be pleaded in good faith on information and belief, before the answer is filed.
>
> …
>
> In the absence of a separate petition for cancellation previously filed by a party or anyone in privity therewith, the counterclaim must be filed as part of the answer … if the grounds are known when the answer is filed. If grounds for cancellation are learned after the answer is filed, the counterclaim must be filed promptly (which is a flexible standard) after the grounds are learned if it is to be asserted."

*Id.* at 6938.

The quoted language reinforces the purpose of the compulsory counterclaim to preclude multiple proceedings, and provides that counterclaims based on grounds known to the defendant before the answer is filed are pleaded as part of the answer, and counterclaims based on grounds which the defendant later learns are pleaded promptly. The language does not suggest that the answer may never be amended to include an omitted counterclaim. In fact, the Final Rule also states:

> The Federal Rules of Civil Procedure reject the approach that pleading is a game of skill. The Patent and Trademark Office recognizes that situations will arise where an opposer or cancellation petitioner will want to introduce a registration which was not originally pleaded. This may be

7

> done by a motion to amend the pleadings under Rule 15, FRCP, to add one or more registrations. When they are pleaded by number and date of issuance, amended §§ 2.106(b) and 2.114(b) will then apply to any added registration. It should be remembered that a long and unexplained delay in the filing of a motion to amend a notice of opposition or petition for cancellation, when there is no question of newly discovered evidence (as there would not be when a party is pleading its own registration), may render the amendment untimely if the defendant is thereby prejudiced.

*Id.* at 6937.

Comments to the Final Rule thus provide that a plaintiff may amend the complaint to plead an additional registration even "when there is no question of newly discovered evidence" in the absence of prejudice to the adverse party. The explanation of the Final Rule does not broadly hold that an imperfect pleading may not be corrected. To the extent that the Final Rule specifies that a plaintiff may amend its pleading to include an omitted registration, it would be inconsistent to find that the Final Rule specifies that a defendant may not amend its answer to plead an omitted counterclaim to cancel a pleaded registration unless there is newly discovered evidence. Such an interpretation also would be inconsistent with the liberal standards of Fed. R. Civ. P. 15 and Trademark Rule 2.115 (allowing amendment of pleadings "in the same manner and to the same extent as in a civil action in a United States district court.").

The Final Rule does not state or imply that the Board's compulsory counterclaim provision should be construed more strictly than the federal pleading standard: "[I]t is the position of the Patent and Trademark Office that amended §§ 2.106(b)(2)(i) and 2.114(b)(2)(i) comport with the practice on compulsory counterclaims announced and

8

followed by the Federal Courts in applying Rule 13(a), FRCP [which defines compulsory counterclaims] ....” *Id.* In fact, the Trademark Rules explicitly provide that “[p]leadings in [Board proceedings] may be amended in the same manner and to the same extent as in a civil action in a United States district court.”[9] Trademark Rule 2.107(a) (amendment of notices of opposition), 2.115 (amendment of petitions for cancellation), 37 C.F.R. §§ 2.107, 2.115. Federal Rule 15(a), made applicable to inter partes proceedings by Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a), further provides, in relevant part, that “leave [to amend a pleading] shall be freely given when justice so requires.” In general, the courts and the Board give leave to amend unless there has been undue delay that would prejudice the nonmoving party, the moving party has acted in bad faith, or the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 80 USPQ2d 1385, 1395 (Fed. Cir. 2006); *Turbo Sportswear Inc. v. Marmot Mountain Ltd.*, 77 USPQ2d 1152, 1154 (TTAB 2005).

Prior to its abrogation in 2009, Fed. R. Civ. P. 13(f), the provision of the Federal Rules specifically addressing omitted counterclaims, provided that “[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.” *See Aerojet-General Corp. v. Machine Tool Works, Oerlikon-Buehrle*

---

[9] Trademark Rule 2.107 sets out some additional restrictions on amendments to notices of opposition due to the statutory time limit for filing an opposition and due to some specific requirements pertaining to oppositions against Trademark Act § 66(a) applications, none of which is relevant to the issue before us.

*Ltd.,* 895 F.2d 736, 13 USPQ2d 1670, 1677 n. 8 (Fed. Cir. 1990) ("A compulsory counterclaim must be filed, at the pleading stage or later by leave of court, or be abandoned."). In 2009, the Federal Rules of Civil Procedure were amended to delete Rule 13(f) as duplicative of Rule 15. The Advisory Committee notes called Rule 13(f) "redundant and potentially misleading" and advised that:

> [a]n amendment to add a counterclaim will be governed by Rule 15. Rule 15(a)(1) permits some amendments to be made as a matter of course or with the opposing party's written consent. When the court's leave is required, the reasons described in Rule 13(f) for permitting amendment of a pleading to add an omitted counterclaim sound different from the general amendment standard in Rule 15(a)(2), but seem to be administered—as they should be—according to the same standard directing that leave should be freely given when justice so requires.

Fed. R. Civ. P. 15, Committee Notes on Rules—2009 Amendment.

Thus, the 2009 amendments to the Federal Rules confirmed that leave to add a counterclaim is governed by Rule 15 and is to be "freely given when justice so requires," as with any amendment of the pleadings under this rule. *See Bern Unlimited, Inc. v. Burton Corp.*, 25 F. Supp. 3d 170, 179 (D. Mass. 2014) (application of Rule 15 "equally to amended complaints and amended (or new) counterclaims … would prevent a party from asserting new counterclaims that are made in bad faith, cause undue delay or prejudice, are futile, or abuse the legal process in some other way, and also has the virtues of simplicity and ease of application."); *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 264 n. 2 (D.D.C. 2012) ("[S]ince the 2009 Rules amendments, the decision whether to allow an amendment to add an omitted counterclaim is governed exclusively by Rule 15.").

The Board has ruled on motions to amend to add an omitted compulsory counter-claim under the Trademark Rules in combination with the flexible standard of Fed. R. Civ. P. 15(a), allowing amendment when justice so requires, even in cases where the counterclaim was omitted from the original answer and was not based on newly-discovered evidence. *See Zanella Ltd. v. Nordstrom Inc.*, 90 USPQ2d 1758, 1759 (TTAB 2008) ("In deciding whether to grant leave to add an omitted counterclaim under Rule 13(f), the same standards governing Rule 15(a), as set forth above, apply."); *Libertyville Saddle Shop Inc. v. E. Jeffries & Sons Ltd.*, 22 USPQ2d 1994, 1997 (TTAB 1992) (interpreting *See's Candy Shops, Inc. v. Campbell Soup Co.*, 12 USPQ2d 1395 (TTAB 1989), the Board stated "reading the Trademark Rules of Practice in conjunction with Fed. R. Civ. P. 13(f), [we] found that a counterclaim not seasonably asserted could nonetheless be entertained where the failure to assert it was through oversight, inadvertence, or excusable neglect, or where justice so required."); *See's Candy Shops, Inc. v. Campbell Soup Co.*, 12 USPQ2d at 1397 ("In particular, the liberal policy established by the Federal Rules of Civil Procedure concerning amend-ments to pleadings dictates allowance of See's cancellation petition, as the effect of dismissing the petition would be to foreclose See's from asserting any claim it may have against the pleaded registration."); *Marshall Field & Co. v. Mrs. Fields Cookies*, 11 USPQ2d 1355, 1359 (TTAB 1989) ("[W]e agree with defendant that the concept of 'undue delay' [in asserting a compulsory counterclaim] is inextricably linked with the concept of prejudice to the non-moving party and, in this case, we find no such preju-dice.").

Prior to the amendments of the Federal Rules in 2009, the Board held in one case that whether an omitted counterclaim could be added would not be determined in conjunction with Fed. R. Civ. P. 13(f) and Trademark Rule 2.106(b), but solely under the Trademark Rule. *TBC Corp. v. Grand Prix Ltd.*, 12 USPQ2d 1311, 1313 (TTAB 1989) (applicant ordered "to explain why the counterclaim was not pleaded with or as part of the original answer, as required by the rule"). In two additional cases, the Board did not state that the federal pleading standard was inapplicable to amendment to add a compulsory counterclaim, but cited only to Trademark Rule 2.106(b). *Turbo Sportswear Inc.*, 77 USPQ2d at 1154 (while acknowledging that Trademark Rule 2.107(a) and Fed. R. Civ. P. 15(a) encourage the Board to look favorably on motions to amend, referencing Trademark Rule 2.106(b) and stating "[t]hus, in the present case, we must determine whether applicant knew of the grounds at the time it filed its answers and, if not, whether applicant filed its counterclaims promptly upon learning of those grounds."); *S&L Acquisition Co. v. Helene Arpels Inc.*, 9 USPQ2d 1221, 1224 (TTAB 1987) ("[S]ince the Board is not persuaded that the grounds for pleading a 2(a) counterclaim were not available to applicant at the time it filed its answer, applicant's motion for leave to amend its answer is denied.").

To the extent that *Turbo Sportswear*, *TBC*, and *S&L Acquisition* appear to have interpreted Trademark Rules 2.106 (and 2.114) as barring any compulsory counterclaim unless filed with the *original* answer and not any amendment to it, those cases are overruled. To be clear, Trademark Rules 2.106(b)(3)(i) and 2.114(b)(3)(i) do not

require that, after a defendant's initial answer, amendment to add an omitted compulsory counterclaim must be denied where the movant has not demonstrated that the counterclaim is based on newly-acquired evidence. Compulsory Counterclaims, Final Rule, 46 Fed. Reg. at 6937-38. *See e.g., See's Candy Shops,* 12 USPQ2d at 1397 (allowing amendment to add compulsory counterclaim, not based on newly-discovered evidence, after answer). A more lenient interpretation is in accord with practice in federal courts. A noted treatise has suggested that under the Federal Rules, the fact that a compulsory counterclaim is the subject of a motion to amend is cause for greater — not less — leniency in granting leave to amend. 6 Charles Alan Wright, et al., FEDERAL PRACTICE & PROCEDURE CIVIL § 1430 (3d ed., April 2017) ("FED. PRAC. & PRO.") ("the reasons for allowing [a compulsory counterclaim's] introduction by amendment become even more persuasive, since an omitted compulsory counterclaim cannot be asserted in subsequent cases (at least in the federal courts) and the pleader will lose the opportunity to have the claim adjudicated."). The rules require compulsory counterclaims to be pleaded in the answer, if known, but under Fed. R. Civ. P. 15(a), where justice requires, answers may be amended to add an omitted compulsory counterclaim, subject to the same rules applicable to other amendments to pleadings.

Finally, while our rules require application of the liberal standard for amendment set out in the Federal Rules, it is important to emphasize that all claims, including counterclaims and defenses, should be pleaded promptly, and that an unexplained delay in filing a motion to amend a pleading may result in a finding that the amend-

13

ment is untimely. Neither our cases nor those from federal courts favor dilatory practice, particularly that which results in substantial prejudice, undue delay, or the disruption of proceedings. *See Embarcadero Techs., Inc. v. Delphix Corp.*, 117 USPQ2d 1518, 1523 (TTAB 2016) ("Because the claims are untimely and futile, the motion to amend is denied …."); *Int'l Fin. Corp. v. Bravo Co.,* 64 USPQ2d 1597, 1604 (TTAB 2002) (Opposer waited over two years … [and] offers no explanation why it failed to raise its dilution claim earlier. Accordingly, … opposer's motion for leave to amend the notice of opposition to add a dilution claim is denied."). *See also* FED. PRAC. & PRO. CIV. § 1488 ("[A] pleader who purposefully delays asserting the matter contained in the amendment has acted contrary to both the general spirit of the federal rules and the liberal amendment policy of Rule 15(a), which are designed to avoid the old 'sporting theory of justice' and to facilitate decisions on the merits."). It is fundamental to a trademark registrability proceeding that, when the plaintiff pleads registrations in the complaint, the defendant will give immediate and careful thought to whether it knows of grounds for cancellation of those pleaded registrations before filing its answer. Nonetheless, the failure to plead a compulsory counterclaim in an original answer is not a per se bar to its later assertion in the same proceeding.

ANALYSIS

In this case, where the parties moved quickly to suspend proceedings for settlement and continued that suspension for two years, Applicant did not unduly delay by waiting two years after filing its answer to add the counterclaim. As we explain below,

between November 5, 2014, and May 12, 2017, the total time during which the opposition proceeding was not in suspension was just a few weeks.

The answer was filed November 5, 2014.[10] On December 17, 2014, the parties filed their stipulation to suspend, and the case remained in suspension until May 11, 2017.[11] When granted, suspension for settlement relieves the parties of the burdens of litigation while maintaining the status of the proceeding. Accordingly, for purposes of our analysis, Applicant's delay in attempting to amend its answer and assert its counterclaim was limited to the brief period of time during which the case was not suspended.

We decline to penalize a party for taking no action while proceedings were suspended by the Board for settlement discussions upon agreement of the parties. Once settlement discussions ceased, the parties sought to cancel each other's registrations within just a few weeks. Neither party points to any evidence of prejudice by that short delay. Although it would have been better practice for Applicant to plead the counterclaim with its original answer, Applicant's forbearance from filing an amendment as a matter of course, or later with a motion for leave to amend was not unreasonable. Also, it would be unfair in this particular case to deem Applicant's motion to

---

[10] The Federal Rules provide a twenty-one-day period during which pleadings may be amended as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Rule 15's amendment-as-of-right provisions apply to amendments to add compulsory counterclaims. *See* FED. PRAC. & PRO. CIV. § 1480 ("The right to amend as of course is not restricted to any particular litigant or pleading."). Accordingly, no motion would have been required for Applicant to amend its answer to add the counterclaim until after November 26, 2014.

[11] In some cases the filing party used the extension, and not the suspension, consent motion form, but within the form notes that the parties are seeking "further suspension."

amend untimely based on the few weeks that passed after the answer was filed and before proceedings were formally suspended. Opposer would not be prejudiced by an amendment at this juncture[12] but our refusal to allow a compulsory counterclaim could preclude Applicant from raising those claims in any subsequent proceeding between these parties. *See See's Candy Shops,* 12 USPQ2d at 1397.

In the opposition, the parties suspended proceedings soon after the answer was filed to pursue settlement negotiations. Opposer brought those negotiations to an abrupt halt when it ended the suspension and filed petitions to cancel Applicant's registrations that are the basis of Applicant's affirmative defense. Taking all circumstances into account, and applying the liberal standards of Rule 15, we find that justice requires allowing Applicant to amend its answer in Opposition No. 91218826 to assert its counterclaim for cancellation of Opposer's pleaded Registration Nos. 4064830, 4127268, and 4369079.

Applicant's motion to amend the answer in Opposition No. 91218826 to plead the counterclaim against Registration No. 4064830 is granted; Applicant's Cancellation Nos. 92066090 and 92066091 are effective counterclaims to cancel Registration Nos. 4127268 and 4369079; the motions to dismiss Cancellation Nos. 92066090 and 92066091 are denied; and the motion to dismiss Applicant's counterclaim to cancel

---

[12] Opposer's argument that it already has served discovery requests is not persuasive. The case was suspended for more than two years, and the parties preserved their discovery period throughout their settlement negotiations. If there was a brief period during which one suspension period had ended and the Board had not yet approved the next, it was quickly followed by a Board order approving suspension, including suspension of the obligation to respond to outstanding discovery. Opposer has failed to establish how adding the counterclaim would be prejudicial.

Registration Nos. 4127268 and 4369079 in Cancellation No. 92065923 without prejudice is granted because it is duplicative. In addition, because all of the proceedings involve the same claims of priority and likelihood of confusion as between the parties' respective JIVE marks, Applicant's motion to consolidate is granted. Accordingly, Opposition No. 91218826 and Cancellation Nos. 92065923, 92065924, 92066090, and 92066091 are consolidated.

CONSOLIDATION

Opposition No. 91218826 is the parent case. With the exception of the answer (which must be filed in each separate proceeding), from this point forward only a single copy of all submissions should be filed, and each submission should be filed in the parent case only, but using a caption for the consolidated proceeding, listing and identifying the parent case first as shown at the beginning of this order.[13]

RESUMPTION SCHEDULE

Proceedings are resumed. The pleadings have closed in Cancellation Nos. 92065923 and 92065924. Opposer is allowed until THIRTY DAYS from the mailing date of this order to file its answer to the counterclaim in Opposition No. 91218826,

---

[13] Despite being consolidated, each proceeding retains its separate character, requires separate pleadings, and requires entry of a separate judgment. The final decision on the consolidated cases shall take into account any differences in the issues raised by the respective pleadings; and a copy of the final decision shall be placed in each proceeding file.

and its answer to the claims, which are treated as counterclaims, in Cancellation Nos. 92066090 and 92066091.

Because the discovery conference took place more than two years ago, the parties are ordered to confer by phone on arrangements for discovery in this consolidated proceeding.

| | |
|---|---|
| Discovery Opens | 1/28/2018 |
| Initial Disclosures Due | 2/27/2018 |
| Expert Disclosures Due | 6/27/2018 |
| Discovery Closes | 7/27/2018 |
| Pretrial Disclosures Due for Party in Position of Plaintiff in Original Claim | 9/10/2018 |
| 30-day Trial Period Ends for Party in Position of Plaintiff in Original Claim | 10/25/2018 |
| Pretrial Disclosures Due for Party in Position of Defendant in Original Claim and in Position of Plaintiff in Counterclaim | 11/9/2018 |
| 30-day Trial Period Ends for Party in Position of Defendant in Original Claim, and in Position of Plaintiff in Counterclaim | 12/24/2018 |
| Pretrial Disclosures Due for Rebuttal of Party in Position of Plaintiff in Original Claim and in Position of Defendant in Counterclaim | 1/8/2019 |
| 30-day Trial Period Ends for Rebuttal of Party in Position of Plaintiff in Original Claim, and in Position of Defendant in Counterclaim | 2/22/2019 |
| Pretrial Disclosures Due for Rebuttal of Party in Position of Plaintiff in Counterclaim | 3/9/2019 |
| 15-day Trial Period Ends for Rebuttal of Party in Position of Plaintiff in Counterclaim | 4/8/2019 |
| Opening Brief for Party in Position of Plaintiff in Original Claim Due | 6/7/2019 |
| Combined Brief for Party in Position of Defendant in Original Claim and Opening Brief as Plaintiff in Counterclaim Due | 7/7/2019 |
| Combined Rebuttal Brief for Party in Position of Plaintiff in Original Claim and Brief as Defendant in Counterclaim Due | 8/6/2019 |
| Rebuttal Brief for Party in Position of Plaintiff in Counterclaim Due | 8/21/2019 |
| Request for Oral Hearing (optional) Due | 8/31/2019 |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after

18

completion of the taking of testimony. Trademark Rule 2.125. An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.